In re Donald W. FAIRCHILD, Debtor.

Donald W. FAIRCHILD, Appellant,

v.

INTERNAL REVENUE SERVICE OF UNITED STATES, Appellee.

No. 91–6261.

United States Court of Appeals, Tenth Circuit.

July 6, 1992.

Kenneth L. Spears, Kenneth L. Spears, P.C., Oklahoma City, Okl., for appellant.

Shirley D. Peterson, Asst. Atty. Gen., Gary R. Allen, Gary D. Gray, and Edward T. Perelmuter, Attorneys, Dept. of Justice, Washington, D.C., and Michael J. Norton, U.S. Atty., Denver, Colo., of counsel, for appellee.

Before ANDERSON and BALDOCK, Circuit Judges, and CONWAY,* District Judge.**

BALDOCK, Circuit Judge.

Debtor-appellant Donald W. Fairchild appeals from an order of the district court affirming an order of the bankruptcy court denying debtor permission to withdraw his objection to creditor-appellee Internal Revenue Services' (IRS) proof of claim. On appeal, debtor argues the bankruptcy court erred in failing to allow debtor to withdraw his objection to the proof of claim and in applying Fed.R.Civ.P. 41(a). We affirm.

The IRS filed a proof of claim in the amount of $1,432,726.00 for taxes on unreported income. The unreported income was attributable to money debtor's wife embezzled from her employer. Debtor objected to the proof of claim. He alleged that because he was an innocent spouse, see 26 U.S.C. § 6013(e), he should not be liable for the tax on the unreported income.

The IRS objected to debtor's objection to the proof of claim.

The bankruptcy court set a hearing on the innocent spouse issue. Debtor requested and received two continuances of the hearing. The day before the hearing, debtor filed a motion to withdraw his objection to the proof of claim. Debtor sought withdrawal without prejudice to the future determination of the tax liability in another forum.

Despite debtor's motion to withdraw the objection, the bankruptcy court proceeded with the scheduled hearing. At the hearing, debtor advised the district court that he had withdrawn his objection to the IRS's claim. The IRS argued, pursuant to Fed. R.Civ.P. 41, that debtor could not unilaterally withdraw his objection. The bankruptcy court refused to permit debtor to withdraw his objection to the claim. The bankruptcy court found no cause for debtor's attempt to withdraw his objection at that late date. The bankruptcy court then requested that debtor present evidence to support his objection. When debtor refused, the bankruptcy court allowed the claim and concluded that debtor failed to prove that he is an innocent spouse.

Debtor appealed. The district court affirmed the bankruptcy court, determining that the bankruptcy court properly refused to permit debtor to withdraw his objection on the day before the hearing. Debtor then appealed to this court.

Debtor raises four issues for reversal, but the dispositive issue is the bankruptcy court's decision under Fed.R.Civ.P. 41 to refuse to allow debtor to withdraw his objection. The parties correctly agree that the issue on appeal concerns a question of law. We review questions of law de novo. See Fullmer v. United States (In re Fullmer), 962 F.2d 1463, 1467 (10th Cir. 1992).

---

* Honorable John E. Conway, District Judge, United States District Court for the District of New Mexico, sitting by designation.

** After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

A proof of claim is prima facie evidence of the validity and amount of a claim. Bankr.R. 3001(f). The filing of the proof of claim does not initiate either an adversary proceeding or a contested matter. Rather, when an objection to a proof of claim is filed, the objection initiates a contested matter. Bankr.R. 3007, Advisory Committee Note (1983); 8 Collier on Bankruptcy ¶ 3007.03[1] (Lawrence P. King, ed., 15th ed. 1992). Thus, by filing his objection to the proof of claim, debtor initiated a contested matter.

Bankruptcy Rule 9014 governs contested matters. Unless the bankruptcy court directs otherwise, which it did not do in this case, Rule 9014 provides that Bankruptcy Rule 7041 applies to any proceedings concerning a contested matter. Rule 7041, which typically applies to adversary proceedings, provides that Fed.R.Civ.P. 41 governs dismissals.

Under Fed.R.Civ.P. 41(a)(2), when an answer to an "action" has been filed, a dismissal at the request of the party initiating the "action" may be made only on order of the court and "upon such terms and conditions as the court deems proper." Bankruptcy Rule 9002(1) defines an "action," as used in the Federal Rules of Civil Procedure, to include contested matters. Because debtor's objection initiated the contested matter and the IRS responded to the objection, Fed.R.Civ.P. 41(a)(2) precludes debtor from unilaterally withdrawing his objection, thereby dismissing the contested matter, without permission of the bankruptcy court.

 The bankruptcy court found no cause for permitting debtor to withdraw his objection. We agree. The IRS had devoted a significant amount of time and resources to prepare for the hearing on its claim. If debtor had intended to withdraw his objection, he should have so moved before requesting two continuances and sooner than the day before the hearing. Additionally, debtor may try to litigate the tax issue in the future. He indicated that he was considering litigating the issue in the future in a different forum.

Accordingly, we conclude the bankruptcy court did not err in refusing to permit debtor to withdraw his objection. The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.