978 F.2d 1267
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 In re: COMMERCIAL CLUB LTD., a Utah limited partnership,
also known as Commercial Club Building, Debtor.
FIRST SECURITY BANK OF UTAH, N.A., Appellant,
v.
George H. SPECIALE, Trustee in Bankruptcy, Appellee.
 No. 92-4042.
 United States Court of Appeals, Tenth Circuit.
 Oct. 20, 1992.
 
 1
 Before McKAY, Chief Judge, and BARRETT, Circuit Judge, and BRIMMER,* District Judge.
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 CLARENCE A. BRIMMER, District Judge.
 
 
 4
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 5
 First Security Bank of Utah, Appellant, appeals the district court's Order and Judgment affirming the bankruptcy court's Order Granting Trustee's Objection to Claim of First Security Bank of Utah. Because the bankruptcy court failed to make findings of fact and conclusions of law in compliance with Bankr.R. 7052, we remand.
 
 
 6
 Commercial Club Ltd. was adjudicated a debtor under a Chapter 11 involuntary bankruptcy in September 1987. The action was subsequently converted to a Chapter 7 bankruptcy. First Security acquired a claim against the bankruptcy estate for a loan in the amount of $704,476.71 by assignment from People's Bank of Bridgeport, Connecticut. The loan was secured by a trust deed on real property located in Salt Lake City, Utah. The original proof of claim filed by People's Bank indicated that the entire amount of the debt was secured.
 
 
 7
 On December 21, 1988, First Security moved, as "a secured creditor," for a termination of the automatic stay in order to be allowed to foreclose on the trust deed. Its motion was granted by stipulation, and on July 11, 1989, First Security sold the property at a foreclosure sale to itself for an amount considerably less than the amount of the claim.
 
 
 8
 The bar date for filing proofs of claims set by the bankruptcy court was September 18, 1989. On May 2, 1990, First Security filed an amendment to its proof of claim for the amount of $424,476.71, representing the deficiency after foreclosure. The trustee objected to this amendment, arguing that because First Security failed to seek a "contemporaneous valuation of the property" as required by 11 U.S.C. § 506(a), state law, Utah Code Ann. § 57-1-32, requiring a creditor to commence an action to recover the deficiency within three months after foreclosure, should apply. Appellant's App. at 27.
 
 
 9
 In an order, dated June 7, 1991, the bankruptcy court requested the parties brief the issue of whether section 57-1-32 is applicable to the proceedings. In its Order Granting Trustee's Objections to Claim of First Security Bank of Utah, dated July 27, 1991, presumably issued after compliance with the briefing order, the bankruptcy court set forth no findings of fact or conclusions of law. On appeal, the district court affirmed this order, also without comment or opinion.
 
 
 10
 Bankruptcy court decisions are subject to review under the de novo standard for legal conclusions and the clearly erroneous standard for findings of fact. Davidovich v. Welton (In re Davidovich), 901 F.2d 1533, 1536 (10th Cir.1990). The bankruptcy court's statutory interpretation and application of its own rules, or civil procedural rules, are questions of law reviewable de novo. Unioil v. Elledge (In re Unioil, Inc.), 962 F.2d 988, 990 (10th Cir.1992). This court also reviews de novo a decision as to whether an original proof of claim is amendable. Id. at 992. However, the decision of whether or not to allow an amendment to an amendable proof of claim is reviewed solely for an abuse of the bankruptcy court's discretion. Id.
 
 
 11
 A dispute regarding a proof of claim is a contested matter governed by Bankr.R. 9014. Bankruptcy Rule 9014 provides that Bankr.R. 7052 applies to all proceedings involving a contested matter. See Fairchild v. IRS (In re Fairchild), 969 F.2d 866, 868 (10th Cir.1992). Federal Rule of Civil Procedure 52(a), as adopted by Rule 7052, requires the bankruptcy court to make findings of fact and conclusions of law on all actions tried to the court.[1] This rule is designed to furnish the appellate court with a clear understanding of the basis for the bankruptcy court's decision. See Colorado Flying Academy, Inc. v. United States, 724 F.2d 871, 877 (10th Cir.1984), cert. denied, 476 U.S. 1182 (1986).
 
 
 12
 The bankruptcy court's order in this case is entirely void of any indication of the facts it found pertinent and of the law it applied. The record on appeal does not assist in this regard. See id. at 877-88 (findings must be in the opinion or elsewhere to indicate the basis for the court's decision). This court is given no clue as to whether the bankruptcy court treated First Security's second proof of claim as an amendment or as a new claim, or whether or not it applied Utah state law in response to the trustee's assertions.
 
 
 13
 In order for this court to conduct a meaningful review of the bankruptcy court's decision, the bankruptcy court must tell us what facts it found and what law it is applying in reaching its result. When exercising its discretion, it must so state to enable this court to review whether it has abused that discretion.
 
 
 14
 Accordingly, the judgment of the United States District Court for the District of Utah is VACATED, and the cause is REMANDED with instructions to the district court to remand the matter to the bankruptcy court for compliance with Bankr.R. 7052.
 
 
 
 *
 Honorable Clarence A. Brimmer, District Judge, United States District Court for the District of Wyoming, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Fed.R.Civ.P. 52(a) requires that in all actions tried on the facts, the court "shall find the facts specially and state separately its conclusions of law thereon."