**Alta CHRAPLIWY et al.,**

v.

**UNIROYAL, INC., et al.**

**Civ. No. 72 S 243.**

United States District Court,
N. D. Indiana,
South Bend Division.

June 11, 1976.

Thomas R. Ewald, Washington, D. C., Thomas R. Fette, St. Joseph, Mich., R. Wyatt Mick, Jr., Mishawaka, Ind., for plaintiffs.

Don G. Blackmond and Timothy W. Woods, South Bend, Ind., Harry N. Turk, New York City, Rody P. Biggert and Gerald D. Skoning, Chicago, Ill., Harley M. Kastner and Charles R. Armstrong, Akron, Ohio, James J. Olson, Mishawaka, Ind., for defendants.

## MEMORANDUM

GRANT, District Judge.

This action was brought as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure and as such is subject to the notice provisions of Rule 23(c)(2) which provides in part as follows:

> The notice shall advise each member that (A) the court will exclude him from the class if he so requests by a specified date; (B) the judgment, whether favorable or not, will include all members who do not request exclusion; and (C) any member who does not request exclusion may, if he desires, enter an appearance through his counsel.

In the Court Order of February 27, 1974, the plaintiffs were instructed to direct notice to the members of the class on or before March 20, 1974; and April 20, 1974, was established as the date by which exclusion from the class was to have been requested.

Notices were sent to the members of the class and as of June 1, 1976, 81 requests from the class have been received by the Clerk of the Court with postmarks dated later than April 20, 1974.

It is the plaintiffs' contention that under the provisions of Rule 23(c)(2) the failure of the members of the class to opt out by the date set forth in the notice caused them to become members of the class despite their late requests for exclusion. They further contend that to allow them to be excluded now would be prejudicial to the class members who excluded themselves within the time set forth in the notice because their decisions were affected by the April 20, 1974, deadline.

The defendants, on the other hand, do not object to excluding the women who sent in late exclusion requests. They contend that class members, whether or not named parties, should be allowed to exclude themselves at any time prior to final judgment on the damage portion of this case.

Under Rule 23 as it presently exists, there are three situations which permit class actions:

. . . (1) [T]he prosecution of separate actions by or against individual members of the class would create a risk of

(A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or

(B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or

(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or

(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

. . .

        .        .        .        .        .

The only provisions for notice in Rule 23 are concerned with actions under Rule 23(b)(3) and are set out in Rule 23(c)(2) as stated above. This section gives the class members of a 23(b)(3) class action an opportunity to exclude themselves from the action, which opportunity is not available to class members under 23(b)(1) or (2).

Under Rule 23(b)(3) an action will be binding on a class member unless she excludes herself from the action as provided by Rule 23(c)(2). The notice set April 20, 1974, as the date by which exclusion from the class was requested. Although many exclusions were received or postmarked on or before April 20, 1974, as of June 1, 1976, 81 members requested exclusion after the deadline date and it is the status of these class members that must be determined.

It is clear that under the present Rule a class member will be bound by the action unless she excludes herself. But, the question the Court must answer is at what point is she precluded from excluding herself from the class under Rule 23(c)(2). In considering the question presented here, the Court must look to the object and purpose of Rule 23. Prior to the 1966 amendment to the Rule, an individual could wait to see the outcome of the litigation before deciding whether or not to become a party. This allowed the class member the benefit of "sideline sitting" until the outcome was known and then "opting in" if it was favorable to do so. Since the pre-1966 rule provided that a person was not a party until he opted in, a member of the class could have all the advantages of a favorable decision but none of the burdens of an unfavorable one. Also, the party opposing the class and the court could never be certain of the number of people who would be affected by the judgment prior to the final determination. The amendment to the rule was brought about to prevent these misuses of the class action suit.

The present rule is an attempt to resolve the difficulties of the old rule by eliminating some of the previous advantages that a member of the class had and by minimizing the uncertainties that previously plagued the Court and opposing party. Under the rule as it now stands, a member of the class is a party to the action but she may exclude herself from the class in accordance with the provisions of 23(c)(2). This allows a class member to exclude herself from the action when she feels her interest is not adequately protected or is in conflict with the class and allows her to bring or not to bring her own action.

■ In the case before the Court, the members of the class were sent notices of their right to be excluded from the class. The notice informed them that the Court would exclude them from the class if they so requested by April 20, 1974, and that those who did not request exclusion would be included in the judgment. Although it is not specifically stated in 23(c)(2)(B), it can be implied from reading Rule 23(c)(2) that the members who do not request exclusion by the specified date would be included in the judgment.

By including a specified date in the notice provision, the Court prevents members of the class from "sideline sitting" until it is advantageous for them to act. If the Court were to ignore the specified date set out in the notice, it would, in effect, make the exclusion provision a "sideline sitting" mechanism. A member of the class could respond by the date set forth in the notice but, if she desired to wait, the Court would allow her to be excluded at a later time. This is precisely the problem the 1966 amendment to Rule 23 was designed to prevent and the result which this Court cannot allow.

It is, therefore, the finding of the Court that members of the class requesting exclusions after April 20, 1974, are not excluded from the class under exclusion provisions of Rule 23(c)(2).

The defendant, however, also contends that a named party would have the right to dismiss her individual claim as long as the class action would not be prejudiced and that a person who is not a named plaintiff should not be ordered to remain a class member if she requests to be excluded.

■ In considering this contention, the Court must look to F.R.Civ.P. 41. A voluntary dismissal under 41(a)(1) is subject to the provisions of Rule 23(e) which allows the dismissal or compromise of a class action only with the approval of the Court. However, the language of 23(e) refers to the dismissal and compromise of the class action and does not appear to apply with equal force to individual claims. Thus, although the class action itself may not be voluntarily dismissed without Court approval and scrutiny, an individual claim in a 23(b)(3) action may be settled and dismissed at the class member's own initiative. *Weight Watchers of Philadelphia, Inc. v. Weight Watchers Int'l Inc.*, 455 F.2d 770 (2d Cir. 1972). Because the ability to settle an individual class member's claim could be misused, the Court must be careful to exercise control over the communications of all parties to the suit so that undue influence is prevented. In this case the Court has taken precautions against such influence by its order of March 21, 1974, concerning communications between parties to this action and class members. Miller, *Problems of Giving Notice in Class Actions*, 58 F.R.D. 299, 333 (1973).

■ At this stage of the present proceeding, any class member wishing to dismiss her claim could do so but only with the approval of the Court. A voluntary dismissal under Rule 41(a)(1) is only available prior to service by the adverse party of an answer or of a motion for summary judgment, whichever occurs first, or by stipulation signed by all parties. In the instant case, an answer has already been served by the defendant and the parties have not agreed to dismiss these claims. Thus, the members of the class can still voluntarily dismiss their cause of action against the defendants but only by order of the Court and upon Court approval of the terms of the dismissal as provided by Rule 41(a)(2). The Court, therefore, finds that by following the dictates of Rule 23 and by including the late opt-outs in the class, it has not denied them the opportunity to dismiss their cause of action against the defendants.

For the foregoing reasons, it is the order of this Court that the late opt-outs be included in the class for purposes of claiming individual benefits such as back pay or reinstatement.