Melvin L. WATSON, Plaintiff,

v.

Drennan A. CLARK, individually and in his capacity as Adjutant General of the Nevada National Guard; Fred Wedow, individually and in his capacity as a member of the Nevada National Guard; Nevada Air National Guard, Nevada Military Department; National Guard Bureau, Department of the Air Force, United States Department of Defense; Giles E. Vanderhoof; and Does 1 through 5, Defendants.

No. CV–N–88–237–ECR.

United States District Court,
D. Nevada.

June 23, 1989.

Michael E. Langton and Jack S. Grellman, Reno, Nev., for plaintiff.

Bruce Laxalt, Reno, Nev., for defendants.

## ORDER

EDWARD C. REED, Jr., Chief Judge.

On April 29, 1988, plaintiff Melvin Watson filed a multi-count complaint against numerous defendants (document # 1). The complaint alleges various causes of action, most arising from plaintiff's termination from the Nevada Air National Guard (NVANG). In addition, claim seven alleges a battery inflicted upon plaintiff by defendant Fred Wedow.

By subsequent stipulations and orders, all defendants have been dismissed from the case, save one. Defendant Wedow, as the sole remaining defendant, has filed a motion for dismissal or summary judgment (document # 21). In addition, plaintiff has filed a motion to dismiss without prejudice, pursuant to Fed.R.Civ.P. 41(a)(2). Both motions are presently ripe for adjudication by this court. Our jurisdiction lies under 28 U.S.C. § 1331.

## I. RULE 41(a)

■ Rule 41 sets forth the circumstances under which an action may be dismissed. Under Rule 41(a)(1), an action may be dismissed by the plaintiff without order of court:

> (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action.

After service of an answer or a motion for summary judgment, dismissal by plaintiff must be sought under Rule 41(a)(2), which provides, in part, that:

> Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper.

Therefore, once an adverse party has filed an answer or motion for summary judgment, plaintiff cannot dismiss without leave of court. *Hamilton v. Shearson-Lehman Am. Express, Inc.*, 813 F.2d 1532, 1535 (9th Cir.1987). Because defendant Wedow has filed both an answer (document # 8) and a motion for summary judgment (document # 21), our consideration of plaintiff's motion to dismiss without prejudice must be under Rule 41(a)(2).

■ Generally, motions filed under Fed.R.Civ.P. 41(a)(2) should be liberally granted, as long as no other party is prejudiced. *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir.1976). In the Ninth Circuit, the decision to grant a voluntary dismissal under Rule 41(a)(2) is addressed to the sound discretion of the district court. *Sams v. Beech Aircraft Corp.*, 625 F.2d 273, 277 (9th Cir.1980). The district court must consider whether the defendant will suffer some plain legal prejudice as a result of the dismissal. *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir.1982). Plain legal prejudice does not result simply when a "defendant faces the prospect of a second lawsuit," or when plaintiff "merely gains some tactical advantage." *Id.* Neither does plain legal prejudice arise from defendant's missed opportunity for a legal ruling on the merits. *In re Fed. Election Campaign Act Litigation*, 474 F.Supp. 1051, 1052 (D.D.C.1979); *Wainwright Sec., Inc. v. Wall St. Tran-*

*script Corp.,* 80 F.R.D. 103, 106 (S.D.N.Y. 1978). Plain legal prejudice may be shown where actual legal rights are threatened or where monetary or other burdens appear to be extreme or unreasonable. For example, plain legal prejudice has been shown where the motion for voluntary dismissal came at such an advanced stage of the proceedings so as to prejudice defendant by waste of time and expense in preparation of defense. *See Green Giant Co. v. M/V Fortune Star,* 92 F.R.D. 746 (S.D.Ga.1981).

■ In this case, we cannot say that any extreme or unreasonable burden exists that would justify denial of plaintiff's motion to dismiss without prejudice. Plaintiff's motion came only shortly after defendant's answer and motion for summary judgment. No extensive discovery has occurred. The case has not progressed to an advanced stage, and there has not been an inordinate amount of time and money expended in preparation for trial. *See Chess v. Nieport,* 386 F.Supp. 312 (E.D.Calif.1974). Furthermore, defendant's preparation thus far would not be wasted, since it is relevant to any subsequent suit plaintiff might file in state court. *See Germain v. Semco Serv. Mach. Co.,* 79 F.R.D. 85 (E.D.N.Y. 1978).

Were these our only considerations, plaintiff's motion to dismiss under Rule 41(a)(2) would properly be granted. However, other factors dictate that plaintiff's motion to dismiss without prejudice must be denied.

## II. SUBJECT MATTER JURISDICTION

In evaluating a Rule 41(a)(2) motion, the district court is required to engage in a balancing analysis, to determine whether potential prejudice to the defendant would result from premature termination of the suit. However, if the district court believes that it is without subject matter jurisdiction, the court is compelled to dismiss; under those circumstances, "dismissal is mandatory and not dependent upon the motion of a party." *Hylte Bruks Aktiebolag v. Babcock & Wilcox Co.,* 305 F.Supp. 803, 808–09 (S.D.N.Y.1969). This conclusion also was reached by the court in *In re Fed.*

*Election,* 474 F.Supp. at 1053. There, the court held that:

If a court believes that it is without subject matter jurisdiction, it is inappropriate for that court to engage in the balancing process required by Rule 41(a)(2); dismissal is required and there is simply no discretion to be exercised.

Defendant Wedow has raised intramilitary immunity as a defense to this action. Because we find that this immunity goes to the subject matter jurisdiction of this Court, we must deny plaintiff's motion to dismiss without prejudice, and grant defendant Wedow's motion for dismissal/summary judgment.

First enunciated in *Feres v. United States,* 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950), and later widely reaffirmed in *Stencel Aero Eng'g Corp. v. United States,* 431 U.S. 666, 97 S.Ct. 2054, 52 L.Ed.2d 665 (1977), the so-called *Feres* doctrine bars actions by military personnel for injuries sustained that "arise out of or are in the course of activity incident to service." *Feres,* 340 U.S. at 146, 71 S.Ct. at 159. The *Feres* decision held that an on-duty serviceman injured because of Government officials' negligence may not recover against the United States under the Federal Tort Claims Act. The doctrine has been expanded also to bar a serviceman's direct suit against other servicemen, *see Mollnow v. Carlton,* 716 F.2d 627, 628 (9th Cir.1983), *cert. denied,* 465 U.S. 1100, 104 S.Ct. 1595, 80 L.Ed.2d 126 (1984), and recovery for both negligent and intentional acts. *Id. Accord Mattos v. United States,* 412 F.2d 793 (9th Cir.1969).

A recent application of the *Feres* doctrine by the Ninth Circuit came in *Stauber v. Cline,* 837 F.2d 395 (9th Cir.1988), *cert. denied,* —— U.S. ——, 109 S.Ct. 55, 102 L.Ed.2d 33 (1988). *Stauber* involved a suit between members of the Alaska Army National Guard. Plaintiff Stauber sued various defendants for intentional infliction of emotional distress and libel. After Stauber won a jury award of $106,000 in compensatory and punitive damages, the district court entertained a late-raised claim of *Feres* immunity as a nonwaivable issue of

subject matter jurisdiction. The district court found that the *Feres* doctrine applied, and therefore immunized defendants from suit. The district court set aside the judgment on the verdict and dismissed Stauber's action. *Id.* at 397.

In affirming the district court's application of the *Feres* doctrine, the Ninth Circuit held that the doctrine "is tantamount to a limitation of subject matter jurisdiction." *Id.* at 399. In holding that the *Feres* doctrine acts as a restriction of subject matter jurisdiction, the court relied on the principles underlying the doctrine. One basic tenant of the doctrine is that the civilian judiciary ought not to intrude in military affairs. *See, e.g., Gilligan v. Morgan*, 413 U.S. 1, 10, 93 S.Ct. 2440, 2446, 37 L.Ed.2d 407 (1973) ("it is difficult to conceive of an area of governmental activity in which the courts have less competence"); *Sebra v. Neville*, 801 F.2d 1135, 1140–41 (9th Cir. 1986) (federal courts restrict their review of military decision making out of deference to the special function of the military in our constitutional structure and in the system of national defense).

The *Feres* doctrine has been interpreted as necessary to avoid second-guessing of military decisions by the courts, or impairment of military discipline. *United States v. Shearer*, 473 U.S. 52, 57, 105 S.Ct. 3039, 3042, 87 L.Ed.2d 38 (1985); *Chappell v. Wallace* 462 U.S. 296, 304, 103 S.Ct. 2362, 2367, 76 L.Ed.2d 586 (1983). The *Stauber* court found that the *Feres* doctrine operated not so much as a personal immunity of military personnel, but rather as a "judicial doctrine leaving matters incident to service to the military, in the absence of congressional direction to the contrary." *Stauber*, 837 F.2d at 399. It was for these reasons that the court concluded that the *Feres* defense was not waived, since it effectively goes to the subject matter jurisdiction of the district court.

In the instant case, we have no trouble finding that *Feres* is applicable. Both plaintiff Watson and defendant Wedow were, at all times relevant to this action herein, members of the Nevada Air National Guard. It is well settled that the *Feres* doctrine applies generally to claims brought by National Guard members. *See, e.g., Stencel Aero Eng'g*, 431 U.S. at 673, 97 S.Ct. at 2059.

### A. *Count Seven*

■ The injuries for which plaintiff is suing defendant Wedow in count seven arose out of an altercation between the two, resulting in an alleged battery of plaintiff. The altercation occurred on the grounds of the NVANG facility, while both plaintiff and defendant were on duty. Although infighting between military personnel "serve[s] no conceivable or remote military purpose," *Brown v. United States*, 739 F.2d 362, 368 (8th Cir.1984), *cert. denied*, 473 U.S. 904, 105 S.Ct. 3524, 87 L.Ed.2d 650 (1985), the totality of the circumstances indicates that the alleged battery on plaintiff did "arise out of or in the course of military duty." *United States v. Brown*, 348 U.S. 110, 113, 75 S.Ct. 141, 144, 99 L.Ed. 139 (1954). Clearly, the *Feres* doctrine precludes recovery of damages for common-law torts that arise out of or occur in the course of activity incident to military service. *Miller v. Newbauer*, 862 F.2d 771, 774 (9th Cir.1988).

### B. *Count Five*

The injuries alleged in count five arose out of defendant Wedow's alleged participation in a conspiracy to deprive plaintiff of his constitutional and civil rights, when he and former defendants "effected the discharge of plaintiff from his position with NVANG." Complaint, page 13. We shall address separately each alleged basis for recovery.

#### 1. 42 U.S.C. § 1983

■ Plaintiff's claims under § 1983 are properly within the scope of the *Feres* doctrine. *See Jorden v. Nat'l Guard Bureau*, 799 F.2d 99, 104–108 (3rd Cir.1986), *cert. denied*, 484 U.S. 815, 108 S.Ct. 66, 98 L.Ed.2d 30 (1987); *Crawford v. Texas Army Nat'l Guard*, 794 F.2d 1034, 1036 (5th Cir.1986); *Martelon v. Temple*, 747 F.2d 1348, 1350–51 (10th Cir.1984), *cert. denied*, 471 U.S. 1135, 105 S.Ct. 2675, 86

L.Ed.2d 694 (1985); *Brown v. United States,* 739 F.2d at 367. *But see Penagaricano v. Llenza,* 747 F.2d 55, 59 (1st Cir. 1984). Other case authority suggests that the doctrine extends to claims for damages for alleged constitutional or regulatory violations. *See Shearer,* 473 U.S. at 57, 105 S.Ct. at 3042; *Chappell,* 462 U.S. at 298–99, 103 S.Ct. at 2364–65; *Sebra,* 801 F.2d at 1142; *Trerice v. Pedersen,* 769 F.2d 1398, 1403–04 (9th Cir.1985); *Mollnow,* 716 F.2d at 628.

■ Even if the *Feres* doctrine didn't apply to § 1983 claims, plaintiff has failed to show that defendant Wedow took *any* action with respect to plaintiff's termination from NVANG. There are no facts supporting the allegation that defendant acted "under color of law" to deprive plaintiff of any "rights, privileges or immunities." Indeed, the record is clear that defendant Wedow was subordinate in rank to plaintiff; we fail to see how defendant could exercise sufficient authority to terminate plaintiff.

For these various reasons, plaintiff's claim under 42 U.S.C. § 1983 must fail.

### 2. 42 U.S.C. § 1985

■ As a threshold matter, it should be noted that all subsections under § 1985 eschew some type of conspiracy. Plaintiff's claims under § 1985 must be dismissed for failure to allege specific facts supporting any alleged conspiracy. In order to support a claim for conspiracy, plaintiff must allege facts showing particularly what acts a defendant performed to carry the conspiracy into effect, how those acts fit into the conspiracy, and how injury to the plaintiff was foreseeable therefrom. *Hoffman v. Halden,* 268 F.2d 280, 295 (9th Cir.1959); *Ibarra v. Las Vegas Metro. Police Dept.,* 572 F.Supp. 562, 565 (D.Nev. 1983).

■ Furthermore, the *Feres* doctrine effectively bars any claims under § 1985. Insofar as plaintiff seeks recovery under § 1985(1), we rely on *Miller,* 862 F.2d at 775, *Mollnow,* 716 F.2d at 631–32, in holding that the rationale of *Chappell* and *Feres* applies to the instant case, and there-

fore plaintiff's suit under § 1985(1) is barred. Although in this instance it is the superior officer who seeks damages from the subordinate officer, and not vice versa, we believe that similar concerns for military discipline and independence dictate that a "civilian court must not intrude into the established relationship between military personnel and their superior officers." *Miller,* 862 F.2d at 775.

Regarding any possible claim under § 1985(3), we likewise hold that no intramilitary damage action should be implied under that subsection. First, plaintiff did not allege that defendant's conduct was motivated by a racial or other class-based, invidiously discriminatory animus. *Griffin v. Breckenridge,* 403 U.S. 88, 91, 91 S.Ct. 1790, 1793, 29 L.Ed.2d 338 (1971); *Mollnow,* 716 F.2d at 628. Second, suits brought under § 1985(3) in a civilian court impinge upon the relationship established between a service member and his superior, because that relationship "is at the heart of the 'necessarily unique structure of the military establishment.'" *Miller,* 862 F.2d at 775 (*quoting Mollnow,* 716 F.2d at 631). Although the Supreme Court has not expressly decided the issue of whether the *Feres* doctrine bars servicemen's suits under § 1985(3), *see Chappell,* 462 U.S. at 305 n. 3, 103 S.Ct. at 2368 n. 3, several other courts have concluded that the potential for disruption of military discipline inherent in such suits justifies judicial hesitancy in implying damage remedies for service-connected injuries. *See, e.g., Miller,* 862 F.2d at 775; *Bois v. Marsh,* 801 F.2d 462, 468–70 (D.C.Cir.1986); *Brown v. United States,* 739 F.2d at 366–67.

For the foregoing reasons, on claims five and seven we grant defendant Wedow's motion to dismiss on grounds that this Court lacks subject matter jurisdiction, based on the *Feres* doctrine.

With respect to all other claims remaining in plaintiff's complaint, summary judgment is appropriate in light of plaintiff's concession that "defendant Wedow is specifically named a as (sic) defendant in only two causes of action: the Fifth ... and the

Seventh...." Plaintiff's Motion to Dismiss Without Prejudice, document # 26, pages 4–5.

IT IS, THEREFORE, HEREBY ORDERED that defendant Wedow's motion for dismissal/summary judgment (document # 21) is GRANTED.

IT IS FURTHER ORDERED that defendant Wedow's motion for leave to amend answer (document # 20) is DENIED.

IT IS FURTHER ORDERED that plaintiff's motion to dismiss under Fed.R.Civ.P. 41(a)(2) (document # 26) is DENIED.