909 F.2d 1490
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 Melvin L. WATSON, Plaintiff-Appellant,
v.
Drennan A. CLARK, Defendant,
and
Fred WEDOW, Defendant-Appellee.
 No. 89-16008.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 16, 1990.
Decided Aug. 2, 1990.
 Before TANG, NOONAN and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Melvin L. Watson, a former colonel in the Nevada National Guard, sued Fred Wedow, a former major in the Nevada National Guard, and several others, alleging eight causes of action. Watson then voluntarily dismissed his claims against all defendants except Wedow. The district court dismissed with prejudice all the claims against Wedow, two of them for lack of subject matter jurisdiction on the grounds that intramilitary immunity prevented Watson's suit. Wedow appeals the dismissal of these two claims. We affirm.
 
 ALLEGATIONS
 
 3
 Watson in his complaint alleged the following:
 
 
 4
 Watson had full-time employment as a technician in the Nevada Air National Guard. While he was serving on active duty at Andrews Air Force Base, Maryland, he was promised by the Air Director of the National Guard Bureau in Washington, D.C. that he would receive a full colonel military position in the Nevada Air National Guard. This position was requested for him by Drennan A. Clark, the Adjutant General of the Nevada National Guard.
 
 
 5
 On April 30, 1987 while Watson was at Nevada Air Guard headquarters, Major Wedow struck and battered Watson, causing him serious harm. Clark, Wedow's commanding officer, ratified the attack by not reprimanding Wedow in any fashion. The following day Clark discharged Watson from the Nevada Air National Guard, stating there was no position available for him. On May 4, 1987 Clark barred him from entering the Nevada National Guard headquarters.
 
 
 6
 On the basis of these alleged facts Watson brought suit claiming wrongful termination of his employment by Clark, Wedow, the Nevada Air National Guard, the National Guard Bureau of the United States Air Force, and Giles Vanderhoof, a lieutenant colonel in the Nevada Air National Guard. In a second cause of action he alleged that defendants had breached the covenant of good faith and fair dealing. In his third cause of action he charged Clark with defamation. In his fourth cause of action he contended that the defendants in terminating him had deprived him of due process. In his fifth cause of action he charged Clark, Wedow and Vanderhoof with conspiracy to try to deprive him of his constitutional, statutory, and civil rights, citing 42 U.S.C. Secs. 1983 and 1985. In his sixth cause of action he charged the defendants with preventing him from attending various social functions in connection with the National Guard, thereby intentionally inflicting on him emotional distress. In his seventh cause of action he charged Wedow with battery and Clark with ratifying the battery. In his eighth cause of action he contended his termination of employment was in violation of Nevada law.
 
 
 7
 Watson subsequently voluntarily dismissed his claims against all the defendants except Wedow. The district court denied his motion under F.R.C.P. 41(a)(2) for dismissal of the claims against Wedow. The district court then granted Wedow's motion for summary judgment on his first, second, third, fourth, sixth, and eighth causes of action "in light of plaintiff's concession that 'defendant Wedow is specifically named [as a] defendant in only two causes of action.' " Watson v. Clark, 716 F.Supp. 1354, 1358-59 (D.Nev.1989). As to the fifth and seventh claims the district court held that it lacked subject matter jurisdiction because of "the Feres doctrine." Id. Watson appealed. His brief declares that he appeals only the dismissal of the fifth and seventh causes of action.
 
 ANALYSIS
 
 8
 In Feres v. United States, 340 U.S. 135 (1950) the Supreme Court created a gloss on the Federal Tort Claims Act and held that the government was not liable to servicemen "where the injuries arise out of or are in the course of activity incident to service." 340 U.S. at 146. Since that decision, the Feres doctrine has been expanded to mean that one serviceman may not sue another for a tort that arose incident to service. Chappell v. Wallace, 462 U.S. 296 (1983). The alleged battery by Wedow on Watson was, if effected, a tort. Watson's suit is squarely barred by Feres as expanded by Chappell to create immunity for intramilitary torts incident to service. See, e.g., Stauber v. Cline, 837 F.2d 395 (9th Cir.1988). Watson's seventh cause of action was properly dismissed.
 
 
 9
 This court has held open the possibility that there still may be a case in which a serviceman may bring suit because their constitutional or statutory rights have been violated by their superiors. Christofferson v. Washington, 855 F.2d 1437, 1441-42 (9th Cir.1988). Watson's fifth cause of action is not one that would fit the possible exception. The essential conspiracy charged in violation of Watson's civil rights is the termination of his employment in the National Guard. A personnel decision of this kind is peculiarly within the competence of the military. It is not a decision to be reviewed by this court. Id. at 1441-45.
 
 
 10
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3