**In re Carl VALE, Lorraine Vale, Debtors.**

**Bankruptcy No. 90–60798.**

United States Bankruptcy Court,
N.D. Indiana,
Hammond Division at Gary.

Dec. 16, 1994.

1018

Stephen R. Place, Merrillville, IN, for debtors.

David R. DuBois, Trustee, Portage, IN.

## MEMORANDUM OPINION AND ORDER

KENT LINDQUIST, Chief Judge.

### I

### Statement of Proceedings

This Chapter 7 case is before the court on the Withdrawal by David R. DuBois as Chapter 7 Trustee of the above captioned bankruptcy estate (hereinafter: "Trustee"), of his Motion for the Determination of the Tax Liability of the above captioned bankruptcy estate, and the Objection thereto, and the Motion for a Ruling on Motion for Summary

Judgment by the United States of America, on behalf of its Agency the Internal Revenue Service (hereinafter: "IRS").

On January 31, 1994, the Trustee filed a Motion with this Court for the determination of taxes and penalties due by the bankruptcy estate of the Debtors to the IRS arising out of the sale of certain estate property, pursuant to 11 U.S.C. § 505(b) ("Motion").

The Trustee's Motion states on September 24, 1990 he sold a certain parcel of real estate out of the Debtors' bankruptcy estate for $50,000.00, and by Agreed Order dated February 16, 1992, it was provided that the IRS would be paid $18,420.16 out of the proceeds of the sale to satisfy an IRS tax lien. The Trustee paid this lien on March 3, 1993.

The Trustee's Motion further asserts that he initially did not believe that this sale would produce a taxable event due to the IRS lien and/or an insufficient gain to warrant filing a return, but after conferring with his accountant and Debtor's counsel, he elected to file his tax return for the year 1990 on September 9, 1993, and requested a prompt determination of the tax liability of the estate. A payment of $11,994.00 was forwarded by the Trustee with the 1990 return as full payment of the estates' tax liability. In that return, the Trustee requested that any additional assessment be abated, on the grounds that the information necessary to complete the filing was not received until August 17, 1993, and thus there was no intentional attempt to avoid paying the required tax liabilities, or any intentional attempt to avoid filing the required returns.

The Trustee's Motion further asserts that on November 15, 1993, he received notice from the IRS concerning additional interest of $3,348.98, and penalties of $4,497.75 due on said return totaling $7,846.73. Of the $4,497.75 in penalties, $2,698.65 was a late filing penalty, and $1,799.10 was a late paying penalty.

The Trustee asserts that if he is required to pay the penalties and interest, there will be insufficient monies left in the Debtors' estate to pay other unspecified administrative claims and expenses of the estate, and

prays that this Court determine that no additional tax penalty, or interest is due the IRS.

The IRS by Order dated February 2, 1994 was granted to March 4, 1994 to object to or request a hearing as to said Motion. The IRS generally objected to the Trustee's Motion on February 25, 1994, and requested a hearing thereon. The IRS then filed a Motion for Summary Judgment on April 21, 1994. This Motion for Summary Judgment was properly supported by a Statement of Material Facts and a Supporting Brief as required by Local Bankruptcy Rule B–756.

The IRS' Supporting Brief is 14 pages, and reflects that extensive legal research was performed by counsel for the IRS on the issue of whether the Trustee is entitled to have statutory late filing penalties, statutory late payment penalties, or statutory interest abated based on the facts as alleged by the Trustee in his Motion. The Trustee on May 18, 1994, requested additional time to respond to the IRS' Motion for Summary Judgment, and by Order dated June 6, 1994, the Trustee was granted until August 17, 1994 to file his Answer to the IRS' Motion.

The Trustee never filed an Answer to the IRS' Motion, but instead the Trustee then moved to Withdraw his Motion to redetermine tax liability on August 30, 1994. No reason for the withdrawal was set out therein. The IRS on September 8, 1994 filed its Motion for Ruling/Opposition to "Withdrawal" ("Motion—Opposition") to the Trustee's Withdrawal (voluntary dismissal) of his tax determination Motion, by asserting that this Court's dismissal of the Trustee's Motion would be inappropriate under Fed.R.Civ.P. 41(a)(1).

The IRS' Motion—Opposition asserts that on May 13, 1994, the Trustee moved for additional time to respond to the IRS' Motion for Summary Judgment, and then unbeknownst to counsel for the IRS, one week later the Trustee filed an amended tax return for the tax year in issue. The IRS further asserts that it also received a letter from Debtors' counsel which indicated that the Trustee had filed an amended fiduciary tax return decreasing the amount of the tax liability from $11,994.00 to $6,662.00 by increasing total deductions from $2,725.00 to $23,-

105.00. (*See* Exhibit "2" to "Motion—Opposition").

The IRS asserts that it "seems that the Trustee obtained the continuance in order to lull the United States into allowing the time to select the purported amended return for audit to expire", and that the amended return would have obtained greater scrutiny if the amended return had been submitted to the IRS counsel handling this contested matter, but which was not received by him until August 30, 1994.

The IRS then questions if the Trustee should receive any administrative fees and expenses for allegedly mishandling the tax matters relating to this bankruptcy estate, and that given the timing of the Trustee's Motion to Extend Time to Respond to the Motion for summary Judgment, and the filing of the Amended Return, the inference should be drawn is that the Trustee's purpose was to improperly obtain a discharge of his personal liability as to the taxes in question.

Finally, the IRS asserts that the Trustee's § 505(b) Motion cannot be voluntarily withdrawn, as it had filed an extensive Motion for summary Judgment prior to the Trustee filing his withdrawal, *citing,* Fed.R.Civ.P. 41(a)(1).

## II

### *Conclusions of Law and Discussion*

■ Rule 41(a) of the Fed.R.Civ.P., as made applicable by Fed.R.Bk.P. 7041, is expressly made applicable in contested matters pursuant to Fed.R.Bankr.P. 9014, unless the Court pursuant to Fed.R.Bk.P. 9014 expressly otherwise directs.[1] The § 505(b) Motion by the Trustee is a contested matter falling within the scope of Fed.R.Bk.P. 9014. The § 505(b) Motion by the Trustee, and the IRS' Objection thereto created a contested matter that falls within the scope of Fed.R.Bk.P. 9014. The Court did not direct that Fed. R.Bk.P. 7041 not apply to this contested matter, and thus Rule 41 is applicable to the Trustee's Motion, and the IRS' Objection thereto. It is also observed that Fed.R.Bk.P. 9002(1) relating to the meaning of words and phrases used in the Federal Rules of Civil Procedure, as made applicable to cases under the Code, defines "action", or "civil action" to mean the determination of any contested matter. Fed.R.Bk.P. 9002(1).

Rule 41(a)(1)(i) provides that an action may be dismissed by the plaintiff *without court order* by filing a notice of dismissal *at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs,* or by stipulation of the parties. *Chrapliwy v. Uniroyal, Inc.,* 71 F.R.D. 461, 464 (N.D.Ind.1976). On the other hand, if the adverse party has filed a motion for summary judgment or served a responsive pleading, Fed.R.Civ.P. 41(a)(1)(ii) and (a)(2) allows a voluntary dismissal either by stipulation or *upon Order of the Court, and upon such terms and conditions as the Court deems just. Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 394, 110 S.Ct. 2447, 2455, 110 L.Ed.2d 359 (1990); *see also In re Fairchild,* 969 F.2d 866, 868 (10th Cir.1992) (debtor not entitled to unilaterally withdraw objection to claim without the per-

---

1. Fed.R.Civ.P. 41 states:
   (a) Voluntary Dismissal: Effect Thereof.
   (1) **By Plaintiff; By Stipulation.** Subject to the provisions of Rule 23(e), of Rule 66, and of any statute of the United States, *an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs,* or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.
   (2) **By Order of Court.** *Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper.* If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice. (emphasis supplied).

mission of the bankruptcy court after initiating contested matter which had been answered by the IRS).

The Supreme Court in *Cooter & Gell,* 496 U.S. 384, 110 S.Ct. 2447, 110 L.Ed.2d 359, *supra,* explained the history and purpose of Rule 41(a)(1) as follows:

> Prior to the promulgation of the Federal Rules, liberal state and federal procedural rules often allowed dismissals or nonsuits as a matter of right until the entry of the verdict, *see, e.g.,* N.C.Code § 1–224 (1943), or judgment, *see, e.g.,* La.Code Prac.Ann., Art. 491 (1942). *See generally,* Note, *The Right of a Plaintiff to Take a Voluntary Nonsuit or to Dismiss His Action Without Prejudice,* 37 Va.L.Rev. 969 (1951). Rule 41(a)(1) was designed to curb abuses of these nonsuit rules. *See* 2 American Bar Association, *Proceedings of the Institute on Federal Rules,* Cleveland, Ohio, 350 (1938) (Rule 41(a)(1) was intended to eliminate "the annoying of a defendant by being summoned into court in successive actions and then, if no settlement is arrived at, requiring him to permit the action to be dismissed and another one commenced at leisure") (remarks of Judge George Donworth, member of the Advisory Committee on Rules of Civil Procedure); *id.,* at 309; *see. also,* 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2363, p. 152 (1971). Where state statutes and common law gave plaintiffs expansive control over their suits, Rule 41(a)(1) preserved a narrow slice: It allowed a plaintiff to dismiss an action without the permission of the adverse party or the court only during the brief period before the defendant had made a significant commitment of time and money. Rule 41(a)(1) was not designed to give a plaintiff any benefit other than the right to take one such dismissal without prejudice.

*Id.,* 496 U.S. at 397, 110 S.Ct. at 2456.

■ In this case, a responsive pleading by the IRS to the Debtors' § 505 Motion was not required, unless the court had so expressly directed, pursuant to Fed.R.Bk.P. 9014, which it did not. However, because the IRS filed its Objection to the Trustee's Motion on February 25, 1994, which is the equivalent to an Answer to the Motion, and a Motion for Summary Judgment on April 21, 1994, or prior to the Trustee's withdrawal (voluntary dismissal) of his Motion, the Trustee's § 505(b) Motion cannot be withdrawn except by order of this Court, and upon such terms and conditions as the Court deems proper.

■ As a general matter, motions filed under Fed.R.Civ.P. 41(a)(2) should be granted liberally, as long as no other party is prejudiced. *Watson v. Clark,* 716 F.Supp. 1354, 1355 (D.Nev.1989), *citing LeCompte v. Mr. Chip, Inc.,* 528 F.2d 601, 604 (5th Cir. 1976). The intent of Fed.R.Civ.P. 41(a)(2) is to prevent the voluntary dismissal of litigation where the dismissal would unfairly affect the opposing party. *Stern v. Barnett,* 452 F.2d 211, 213 (7th Cir.1971).

■ Thus the Court has discretion to order a voluntary dismissal under Rule 41(a)(2) after considering its legal effect on the defendant. *Tyco Laboratories, Inc. v. Koppers Co., Inc.,* 627 F.2d 54, 56 (7th Cir.1980) (The dismissal of the plaintiff's complaint without prejudice, pursuant to F.R.C.P. 41(a)(2), is within the sound discretion of the district court); *United States of America v. Outboard Marine Corp.,* 789 F.2d 497, 502 (7th Cir.1986). (The Court abuses its discretion only when it can be established that the Defendant will suffer "plain legal prejudice" as a result of the dismissal of the Plaintiff's litigation); *Merit Insurance Co. v. Leatherby Insurance Co.,* 581 F.2d 137, 140 + N. 3 (7th Cir.1978) (Under rule 41(a)(2) dismissal is in the discretion of the Court, and the Court can attach "such terms and conditions as the Court deems proper." Attaching conditions "prevents defendants from being unfairly affected by such dismissal,") (*quoting, LeCompte v. Mr. Chip, Inc.,* 528 F.2d 601, 604 (5th Cir.1976) (*citing,* 9 Wright & Miller, *Federal Practice and Procedure: Civil,* § 2364 at 165)); *Ferguson v. Eakle,* 492 F.2d 26, 28 (3d Cir.1974) (A voluntary dismissal upon motion of the plaintiff after the defendant has filed its answer falls within the discretion of the district court).

The Seventh Circuit Court of Appeals in *Tyco Laboratories, Inc. v. Koppers Compa-*

*ny, Inc.,* 627 F.2d 54 (7th Cir.1980) held that because the discovery pursued in the case had not been overly extensive, and because the plaintiff had agreed that it would not object in any subsequent action to the utilization of the evidence discovered in the subject litigation, the amount of discovery which had taken place during the litigation did not render a voluntary dismissal of the litigation impermissibly prejudicial to the defendant. The court noted:

> Rule 41(a)(2) provides in relevant part that:
>
> (A)n action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. ... Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.
>
> The express language of the rule makes it clear that the determination of whether to grant a motion for voluntary dismissal rests within the sound discretion of the district court. Accordingly, reversal will be granted only if Koppers can demonstrate that the discretion of the trial judge was abused. *Stern v. Barnett,* 452 F.2d 211, 213 (7th Cir.1971).
>
> In *Pace v. Southern Express Company,* 409 F.2d 331 (7th Cir.1969), the trial court's decision to deny plaintiff's motion to dismiss was affirmed. *We noted there that factors to be considered in examining motions to dismiss may properly include "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant." Id. at 334.* Koppers has strenuously urged that the facts of this case fit squarely within the *Pace* "test" for denying a motion to dismiss. We think, however, that this argument ignores our standard of review on appeal. *The enumeration of the factors to be considered in Pace is not equivalent to a mandate that each and every factor be resolved in favor of the moving party before dismissal is appro-*

*priate. It is rather simply a guide for the trial judge, in whom the discretion ultimately rests.*

> Koppers argues that it will be prejudiced by the dismissal in that its discovery to date and briefing of the class certification issues will be made worthless. We do not think that the discovery has been so extensive, however, as to be tantamount to the "plain legal prejudice" which will preclude dismissal. *See Stern v. Barnett, supra,* at 213. This is particularly true here in view of the fact that Tyco agreed at oral argument in this court not to object in any subsequent action to the utilization of evidence discovered in this case. "Plain legal prejudice" is, for example, more clearly shown where the defendant has filed a counterclaim prior to the time that plaintiff has moved to dismiss, a circumstance which is specifically covered by the language of the Rule. *See also Selas Corporation of America v. Wilshire Oil Company of Texas,* 57 F.R.D. 3 (E.D.Pa.1972). We also note that in *Stern, supra,* we expressly observed that the mere prospect of a second lawsuit would not be sufficient to meet this standard.
>
> Koppers' secondly argues, again citing *Pace,* that dismissal was inappropriate because a decision on the merits of the action was imminent. We cannot agree, however, that the fact that a pretrial motion for summary judgment had been filed by some of the defendants as to one of Tyco's asserted grounds for relief is equivalent to an "imminent" resolution on the merits of the action. We are also not in agreement with Koppers' contention that the provisions of Rule 41(a)(2) "limit" a plaintiff's right to a voluntary dismissal beyond the fact that such dismissal will be granted only upon the terms and conditions specified by the court.

*Id.,* 627 F.2d at 56–57. *See also, Paulucci v. City of Duluth,* 826 F.2d 780, 783 (8th Cir. 1987), *citing, Pace,* 409 F.2d 331, *with approval.*

It is important to note that the *Tyco Laboratories* court explained that the factors discussed in *Pace v. Southern Express Company,* 409 F.2d 331 (7th Cir.1969) are only to be

used as guide for the trial judge, and it is not necessary that all of these factors resolved in favor of the moving party before dismissal is appropriate. While the Seventh Circuit Court of Appeals in *Pace* reached the conclusion that the plaintiff's motion to dismiss should not be granted, the court was persuaded by the prejudice as revealed by the particular facts of the case. The Court in *Pace* wrote:

The defendant's objections to plaintiff's motion to dismiss disclosed that the case had already been pending for one and one-half years, that considerable discovery had been undertaken at substantial cost to the defendant, and that defendant had already briefed its motion for summary judgment. Defendant also pointed out that plaintiff has failed to file any brief with respect to the motion for summary judgment and was attempting to deprive the defendant of a ruling on the summary judgment motion by its dismissal tactic. These considerations amply support the district court's denial of the motion to dismiss without prejudice.

*Id.*, 409 F.2d at 334.

■ A motion to dismiss pursuant to Fed. R.Civ.P. 41(a)(2) should be granted unless the defendant will suffer clear legal prejudice, other than the mere prospect of a subsequent law suit. *McCants v. Ford Motor Company, Inc.*, 781 F.2d 855, 856–57 (11th Cir.1986); *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir.1982) (Plain legal prejudice does not result simply when a defendant faces the prospect of a second lawsuit or when plaintiff merely gains some tactical advantage); *Holiday Queen Land Corp. v. Baker*, 489 F.2d 1031, 1032 (5th Cir.1974) (Dismissal should be allowed unless defendant will suffer some plain prejudice other than the mere prospect of a second law suit. It is no bar to dismissal that the plaintiff will obtain some tactical advantage thereby); *Watson v. Clark*, 716 F.Supp. 1354, 1355–56 (D.Nev.1989) ("Plain legal prejudice" does not arise from the defendant's missed opportunity for a legal ruling on the merits, *citing In re Fed. Election Campaign Act Litigation*, 474 F.Supp. 1051, 1052 (D.D.C.1979)); *Wainwright Sec., Inc. v.*

*Wall Street Transcript Corp.*, 80 F.R.D. 103, 106 (S.D.N.Y.1978). As the court in *Watson* stated:

Plain legal prejudice may be shown where actual legal rights are threatened or where monetary or other burdens appear to be extreme or unreasonable. For example, plain legal prejudice has been shown where the motion for voluntary dismissal came at such an advanced stage of the proceedings so as to prejudice defendant by waste of time and expense in preparation of defense. *See Green Giant Co. v. M/V Fortune Star*, 92 F.R.D. 746 (S.D.Ga. 1981).

In this case, we cannot say that any extreme or unreasonable burden exists that would justify denial of plaintiff's motion to dismiss without prejudice. Plaintiff's motion came only shortly after defendant's answer and motion for summary judgment. No extensive discovery has occurred. the case has not progressed to an advanced stage, and there has not been an inordinate amount of time and money expended in preparation for trial. *See Chess v. Nieport*, 386 F.Supp. 312 (E.D.Calif.1974). Furthermore, defendant's preparation thus far would not be wasted, since it is relevant to any subsequent suit plaintiff might file in state court. *See Germain v. Semco Serv. Mach. Co.*, 79 F.R.D. 85 (E.D.N.Y. 1978).

*Watson*, 716 F.Supp. at 1356.

In *McCants*, 781 F.2d 855, *supra*, the court affirmed the district court's decision to dismiss the case without prejudice. The court held that it was not an abuse of discretion to dismiss the litigation when the action was allegedly time barred as brought, and the effect of such dismissal was to allow the plaintiff to refile the action in a place or manner which was not similarly barred. The court also held that the district court, while exercising its discretion to decide whether dismissal was appropriate, should weigh the relevant equities, do justice between the parties and attach conditions to the dismissal as are deemed appropriate. *Id.*, 781 F.2d at 857. The court reasoned, "[i]t is no bar to a voluntary dismissal that the plaintiff may obtain some tactical advantage over the de-

fendant in future litigation." *Id.,* 781 F.2d at 857, *citing Durham v. Florida East Coast Railway Co.,* 385 F.2d 366, 368 (5th Cir. 1967); *Holiday Queen Land Corp. v. Baker,* 489 F.2d 1031, 1032 (5th Cir.1974); *Standard National Insurance Co. v. Bayless,* 272 F.2d 185 (5th Cir.1959). The Court noted that the District Court "must exercise its broad equitable discretion under Rule 41(a)(2) to weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." *Id.,* 781 F.2d at 857, *citing American Cyanamid Company v. McGhee,* 317 F.2d 295, 298 (5th Cir.1963); *Diamond v. United States,* 267 F.2d 23, 25 (5th Cir.), *cert. denied* 361 U.S. 834, 80 S.Ct. 85, 4 L.Ed.2d 75 (1959).

The Seventh Circuit in *Kovalic v. DEC International, Inc.,* 855 F.2d 471, 475 (7th Cir.1988) affirmed the district court's decision to grant voluntary dismissal even though the defendant had already filed a motion for summary judgment. In *Kovalic* the plaintiff sued his employer for wrongful discharge. The defendant-employer answered the complaint and moved for summary judgment. The plaintiff, thereafter, moved for a voluntary dismissal under F.R.C.P. 41(a)(2) so that both the federal and non-federal claims could be tried in state court for reasons of judicial economy. The district court granted the dismissal and the employer appealed arguing that the district court abused its discretion in granting the dismissal. The court after discussing the factors it established in *Pace,* 409 F.2d 331, *supra,* and its explanation in *Tyco,* 627 F.2d 54, *supra,* held that the district court did not abuse its discretion in dismissing the suit. *Id.,* 855 F.2d at 474. The court held that the nonmoving party has to allege and prove that it will suffer "plain legal prejudice" if the action is dismissed. *Id.,* 855 F.2d at 474. The defendant must establish concrete prejudice beyond the mere "self-inflicted deprivation of a federal forum." *Id.*

The Court in *Ockert v. Union Barge Line Corp.,* 190 F.2d 303, 304 (3d Cir.1951), recognized that there are some situations where a plaintiff should be allowed to dismiss litigation on his own motion without any limitations imposed by the trial judge. These situations concern instances where there is clearly no prejudice resulting to the other party. However, the court in *Ockert,* distinguishes these situations from the facts before it where the opponent had prepared for trial and appeared with his witnesses ready for submission. *Id.,* 190 F.2d at 304.

In *S.A. Andes v. Versant Corporation,* 788 F.2d 1033 (4th Cir.1986), it was held that the District Court did not abuse its discretion in refusing the plaintiff's motion under Rule 41(a)(2) for dismissal without prejudice after a motion for summary judgment had been filed by the defendant. The Court observed that the mere filing of an answer or a motion for summary judgment could not, without more, be a basis for refusing to dismiss without prejudice. *Id.,* 788 F.2d at 1036, N. 4. However, in *Andes,* the defendants had already incurred significant expense not only in filing a motion for summary judgment, but also by incurring substantial costs of discovery, and while it was not a case of extreme prejudice, the proceedings were more advanced than a number of cases that had held that voluntary dismissal was proper. *Id.* (Collecting cases). *See also, Thomas v. Amerada Hess Corp.,* 393 F.Supp. 58 (M.D.Pa. 1975), where plaintiff's voluntary motion for dismissal was denied after more than one year of extensive and costly pretrial discovery and the defendants had filed motions for summary judgment with voluminous supporting affidavits and memoranda of law, and insufficient explanation for the need to take a dismissal. *Id.,* 393 F.Supp. at 70, *citing, Pace v. Southern Express Co.,* 409 F.2d 331, *supra,* and 9 Wright & Miller, *Fed.Practice and Procedure,* § 2364, with approval; *Tikkanen v. Citibank, N.A.,* 801 F.Supp. 270, 273–74 (D.Minn.1992) (Motion to dismiss denied after Motion for Summary Judgment filed. The Court observed that the plaintiffs were not entitled to dismiss their actions without prejudice merely because the law has become settled in a way they do not like, and that because substantial resources had been committed to the Motion for Summary Judgment, which had been full briefed on both sides, that was the most efficient way to resolve the actions).

When granting a voluntary dismissal Rule 41(a)(2) expressly provides that the court can make the dismissal "upon such terms and conditions as the court deems proper." As noted by the court in *McCall–Bey v. Franzen*, 777 F.2d 1178 (7th Cir.1985), Rule 41(a)(2) states that a dismissal is without prejudice unless otherwise specified, which suggests, and it has been uniformly assumed, that the terms and conditions must be for the defendant's benefit. *Id.*, 777 F.2d at 1884. They are the Quid for the Quo of allowing the plaintiff to dismiss his suit without being precluded by the doctrine of *res judicata* from bringing the same suit again. *Id.* The Court also observed that "[T]he general purpose of the Rule [41(a)] is to preserve the plaintiff's right to take a voluntary nonsuit and start over so long as the defendant is not hurt." *Id.*

The conditions that have been imposed have included payment of costs. 27 Fed.Prac., L.Ed., *Pleadings and Motions*, § 62:500. Such assessments are not limited to statutory costs, but may include expenses reasonably incurred by the defendant in preparing a defense to the plaintiff's claim. *Id.* In addition, in granting a Rule 41(a)(2) voluntary dismissal without prejudice, the court has the authority to condition the dismissal upon the payment of attorney's fees. *Id.*, § 62:501. However, the court is not limited to conditions of the payment of costs, expenses, and fees, and a Rule 41(a)(2) dismissal may be conditioned upon the imposition of other terms designed to reduce inconvenience to the defendant. *Id.*, § 62:500. *See LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 603 (5th Cir.1976) (Collecting cases).

In the case at bar, the Trustee filed an Amended Estate Tax Return with the IRS subsequent to his § 505(b) Motion, in which he has claimed adjustments to the estate's basis which may reduce the gross income to the estate on the sale of the subject real estate. The fact that the IRS has moved for summary judgment prior to the Trustee's withdrawal of his Motion, by itself, does not prevent voluntary dismissal. The Court must determine that the IRS will not suffer plain legal prejudice by permitting the Trustee to withdraw his Motion, which is the procedural equivalent to a Motion to voluntary dismissal of his § 505 motion. As the Trustee is interested in maximizing the return to unsecured creditors, so the IRS is interested in collecting only the tax that is legally due by the estate. As any withdrawal (dismissal) of the Trustee's § 505(b) Motion will be without prejudice, it is not dismissed based on merits. Accordingly, either the Trustee or the IRS may hereafter initiate a § 505(b) Motion in order to have the bankruptcy estate's tax liability determined.

Having reviewed the record and the relevant case law, the Court concludes that a hearing must be held on the IRS' "Motion–Opposition" filed in Response to the Trustee's Withdrawal of his § 505(b) Motion to determine if any "plain legal prejudice" will be incurred by the IRS by a Court Order permitting the Trustee to withdraw his Motion, and if the Court permits withdrawal, whether any conditions as are just should be included in the Order. The burden of this issue will be on the IRS. *Kovalic v. DEC International, Inc.*, 855 F.2d at 474, *supra.* **SO ORDERED.** And it is further,

**ORDERED**, that this matter is set down for a telephone hearing thereon on the 26th day of January, 1995 at 9:15 o'clock A.M.