NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 20 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: EMAD AZIZ MASOUD ALFAHEL; LINA NADIM FAHEL, <br><br> Debtors. <br> _____ <br><br> AIRPORT BUSINESS CENTER, <br><br> Appellant, <br><br> v. <br><br> EMAD AZIZ MASOUD ALFAHEL; LINA NADIM FAHEL, <br><br> Appellees. | No. 23-60026 <br><br> BAP No. 22-1219 <br><br> MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Gan, Faris, and Brand, Bankruptcy Judges, Presiding

Submitted May 16, 2024[**]
San Francisco, California

Before: S.R. THOMAS, CALLAHAN, and SANCHEZ, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Appellant Airport Business Center (ABC) appeals the Bankruptcy Appellate Panel's (BAP) order affirming the bankruptcy court's order granting Debtors Emad Masoud Alfahel and Lina Nadim Fahel's motion to avoid the judicial lien of ABC impairing their residence. "We review decisions of the BAP *de novo*, and we apply the same standard of review that the BAP applied to the bankruptcy court's ruling. In doing so, we review conclusions of law *de novo* and findings of fact for clear error." *In re Brace*, 979 F.3d 1228, 1232 (9th Cir. 2020) (internal citations omitted). We have jurisdiction pursuant to 28 U.S.C. § 158(d), and we affirm.

1. ABC argues that Debtors should have been barred from filing a third motion to avoid a judicial lien under Federal Rule of Civil Procedure 41(a)(1)(B), which applies to contested bankruptcy proceedings through Federal Rules of Bankruptcy Procedure 9014 and 7041. *See Matter of York*, 78 F.4th 1074, 1087, n.5 (9th Cir. 2023). Under Rule 41(a)(1)(B)'s two-dismissal rule, a plaintiff's second voluntary dismissal of the same claim "operates as an adjudication upon the merits," foreclosing a party's ability to refile the same claim a third time. *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505–06 (2001). However, a plaintiff may only voluntarily dismiss an action without leave of court by filing a notice of dismissal before the opposing party files an answer or a motion for summary judgment, or by stipulation of the parties. Fed. R. Civ. Proc. 41(a)(1)(A).

As the BAP noted, applying the two-dismissal rule in a contested bankruptcy proceeding poses a unique challenge because no "answer" is required. *See* Fed. R. Bankr. Proc. 9014(a) ("In a contested matter not otherwise governed by these rules, relief shall be requested by motion" and "No response is required under this rule unless the court directs otherwise."). The BAP concluded that in the context of contested matters, "a response or objection to a motion for relief constitutes an 'answer' for purposes of Rule 41(a)" because it "serves the same purpose as an answer to a complaint: it puts the merits of the dispute in contention." We agree. A written response to a motion for relief in a contested bankruptcy matter serves as the equivalent of an answer for purposes of applying Rule 41(a).[1]

Given this context, the BAP did not err in concluding that Rule 41(a)(1)(B) does not bar Debtors' third motion to avoid a judicial lien. By the time Debtors filed a notice withdrawing their first motion before the bankruptcy court, ABC had already filed an answer by way of objection to the motion. Debtors could not dismiss the action under Rule 41(a)(1)(A) without a court order or stipulation from the parties, neither of which occurred. *See Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1279, n.4 (9th Cir. 2023). Debtors' first motion was therefore never

---

[1] Several bankruptcy courts have reached the same conclusion. *See, e.g., In re Dworek*, 589 B.R. 267, 272 (Bankr. W.D. Pa. 2018); *In re Vale*, 180 B.R. 1017, 1021 (Bankr. N.D. Ind. 1994); *In re Mocella*, 540 B.R. 342, 344 (Bankr. N.D. Ohio 2015); *In re Delima*, 561 B.R. 660, 661 (Bankr. E.D. Va. 2016).

properly dismissed.

ABC accepts that its response was equivalent to an answer but contends that we should nevertheless apply Rule 41(a)(1)(B) because it was subjected to the same claim three times. After all, the bankruptcy court and the parties treated the first and second dismissals as terminating the underlying contested matter. ABC urges us, in effect, to overlook the plain language of Rule 41(a)(1). This we cannot do. Because ABC filed an "answer" to the first motion, Debtors' later withdrawal of that motion could not constitute a "notice of dismissal" under the plain terms of Rule 41(a)(1)(A). *See Am. Soccer Co. v. Score First Enters.,* 187 F.3d 1108, 1112 (9th Cir. 1999) (in construing voluntary dismissals under Rule 41, "[t]he literal terms of the rule apply."). [2]

2.    ABC argues that the BAP erred by including usurious interest on a separate promissory note against the residence. However, as a non-borrower on the promissory note between Emad Alfahel and Osama Atallah, ABC concedes that it does not have standing to assert usury as a defense. *See Roes v. Wong,* 81 Cal. Rptr. 2d 596, 598 (Ct. App. 1999) (holding that the defense of usury is personal to the borrower or the borrower's representative). And while ABC is correct that "the inclusion of a usurious interest provision. . . .results, in effect, in a

---

[2] Because Debtors' first withdrawal was not a proper dismissal under Rule 41, we do not address whether Debtors' second withdrawal was a proper dismissal.

4

note payable at maturity without interest," *Epstein v. Frank,* 177 Cal. Rptr. 831, 837 (Ct. App. 1981), ABC's "burden of proof" argument is merely a usury defense by a different name.

 **AFFIRMED.**