**S.A. ANDES, Appellant,**

v.

**VERSANT CORPORATION, Defendant,**

and

**First Washington Investments Corporation and Thomas F. Herr, Appellees.**

No. 85–1600.

United States Court of Appeals, Fourth Circuit.

Argued Jan. 7, 1986.

Decided April 22, 1986.

John Vanderstar (Carol Fortine, Coving & Burling, on brief), for appellant.

Ralph Werner (Lawrence S. Bauman, on brief), for appellees.

Before WINTER, Chief Judge and SPROUSE and CHAPMAN, Circuit Judges.

HARRISON L. WINTER, Chief Judge:

Plaintiff, S.A. Andes, appeals from an order of the district court which "granted" his motion for voluntary dismissal *without* prejudice under Rule 41(a)(2) of the Federal Rules of Civil Procedure, but specified that

the dismissal was *with* prejudice as to both defendants. Andes contends on appeal that the district court abused its discretion in effectively denying the Rule 41(a)(2) motion to dismiss, and that it further abused its discretion in dismissing with prejudice. Andes seeks a reversal and remand with instructions to dismiss without prejudice.

We think that to the extent its order constituted a denial of the motion to dismiss without prejudice, the district court did not abuse its discretion, and we affirm. However, we vacate the order dismissing with prejudice because the district court failed to afford plaintiff notice of, and an opportunity to be heard in opposition to, the extreme remedy it was contemplating and further failed to articulate its reasons therefor so that we might give effective appellate review. We also remand for further proceedings.

## I.

Andes, successor in interest to Banque Andes, S.A., a Belgian bank with its principal place of business in Brussels, sued Thomas F. Herr ("Herr"), First Washington Investments, Inc. ("FWI"), and Versant Corporation ("Versant") under the Maryland Uniform Money-Judgments Recognition Act, Md.Cts. & Jud.Proc.Code Ann. §§ 10–701 to –709 (1984), seeking to collect a money judgment for default on a promissory note for which Versant was the guarantor. The judgment in question had been entered by an English court, pursuant to the promissory note's choice-of-forum clause, and was entered only against Versant. Herr and FWI had not been named as defendants in the suit.[1] Andes joined Herr and FWI as defendants in the instant suit on the theory that Herr was the alter ego of Versant, and FWI its successor in interest. By thus seeking to pierce Versant's corporate veil Andes hoped to enforce the Versant judgment against both Herr and FWI.

In August 1984, Herr and FWI both filed motions under Fed.R.Civ.P. 12(b)(6), for failure to state a claim upon which relief could be granted. FWI's motion was dismissed as premature, with an indication that after appropriate discovery a motion for summary judgment could be entertained. FWI's motion, presented by Herr, was not considered because local rules of court did not allow appearances by nonlawyers on behalf of corporate entities. Herr and FWI then filed answers to Andes' complaint and produced numerous records in response to Andes' discovery requests. Herr also was deposed on behalf of himself and FWI. Herr and FWI then filed a joint motion for summary judgment on the ground that the case was controlled by English law, which precluded enforcement against Herr and FWI (who, as noted above, were not joined as parties in the English lawsuit) of a judgment running nominally only against Versant. The motion was supported by an extensive written opinion on the English law allegedly governing the case. Andes filed a memorandum in opposition to the motion and the defendants filed a reply.

On April 16, 1985, allegedly because it had discovered that both Herr and FWI were judgment-proof, and because it wished to avoid the expense of obtaining an essentially worthless judgment against them, Andes moved to dismiss voluntarily and without prejudice, pursuant to Rule 41(a)(2).[2]

---

1. Suit had initially been brought in the U.S. District Court for the District of Maryland, and both Herr and FWI were named defendants in that suit. The case was dismissed by the district court on the basis of the choice-of-forum clause. The order of dismissal stipulated that "a defendant who refuses to submit to the jurisdiction of the Courts of England would be estopped from relying on the choice of forum provision to defeat jurisdiction in a subsequent suit brought in this jurisdiction."

2. Rule 41(a) provides as follows:

    Dismissal of Actions
    (a) Voluntary Dismissal: Effect Thereof.
    (1) By Plaintiff; by Stipulation. Subject to the provisions of Rule 23(d), of Rule 66, and of any statute of the United States, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by

Herr and FWI filed a memorandum in opposition to this motion, in which they requested that the motion be denied and that the district court immediately "resolve the case conclusively." Their memorandum again asked the district court to grant their motion for summary judgment, and asked in the alternative that it "order the plaintiff's complaint dismissed with prejudice as to FWI and Herr, as permitted by [Rule 41(a)(2) and 41(b)]."[3] The district court's order granting, with prejudice, the motion for dismissal was issued on the same day that the defendants filed their opposition to the motion. It is unclear from the record whether the district court considered defendants' opposition; it is certain, however, that Andes had no opportunity to respond to the request for dismissal with prejudice under Rule 41.

## II.

### A. Refusal to Dismiss Without Prejudice

A plaintiff's motion under Rule 41(a)(2) for dismissal without prejudice should not be denied absent substantial prejudice to the defendant. *E.g., Kenrose Mfg. Co. v. Fred Whitaker Co.*, 512 F.2d 890, 895 (4 Cir.1972). Andes argues that this lawsuit had not proceeded far enough and that any burdens imposed upon Herr and FWI were not severe enough, to constitute substantial prejudice and preclude dismissal without prejudce under Rule

41(a)(2). Herr and FWI argue that they have already incurred significant expenses, not only in responding to Andes' complaint and filing motions and memoranda in support of summary judgment,[4] but also by incurring substantial costs of discovery, through depositions, production of documents, and obtaining of expert opinions on English law. Although this is not a case of extreme prejudice to defendants, *see, e.g., Rollison v. Washington National Ins. Co.*, 176 F.2d 364 (4 Cir.1949) (dismissal without prejudice not proper where plaintiff sought to dismiss after complaint had been amended three times, a trial date set, and a jury sworn, and the trial judge had decided that plaintiff had not stated a claim); *Young v. John McShain, Inc.*, 130 F.2d 31 (4 Cir.1942) (proper to deny motion to dismiss made when case was already at trial and plaintiff had admitted that the claims sought to be dismissed were without merit), yet the proceedings were more advanced than a number of cases cited in which voluntary dismissal was held proper, *see, e.g., Southern Ry. v. Chapman*, 235 F.2d 43 (4 Cir.1956) (defendant had merely filed a motion for transfer); *Holiday Queen Land Corp. v. Baker*, 489 F.2d 1031 (5 Cir.1974) (motion filed just four months after defendant joined as party, defendant having participated in little or no discovery and incurred "a minimum of expense"). It is our judgment that there was a sufficient basis for denying Andes' Rule 41(a)(2) motion and thus we cannot say that

---

filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim. (2) By Order of the Court. Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the

counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

3. Rule 41(b) provides, in pertinent part, as follows:

> *Involuntary Dismissal: Effect Thereof.*
> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him....

4. Since Rule 41(a)(2) only applies when an answer or a motion for summary judgment has been filed by the defendants, the mere filing of an answer or a motion for summary judgment could not, without more, be a basis for refusing to dismiss without prejudice.

the district court abused its discretion in refusing to dismiss without prejudice.

### B. Dismissal with Prejudice

Review of the court's dismissal with prejudice presents a more difficult problem, compounded by the district court's failure to disclose the basis for its ruling.

■ Andes bases its argument that the court's dismissal with prejudice was an abuse of discretion on the assumption that the ruling was made under authority of Rule 41(b). Were we to accept that assumption, we would agree with Andes that the order was an abuse of discretion. Rule 41(b), by its terms, allows dismissal with prejudice only for "failure of the plaintiff to prosecute or to comply with these rules or any order of court." *See Dove v. Codesco*, 569 F.2d 807, 810 (4 Cir.1978) (dismissal appropriate only for "clear record of delay or contumacious conduct by the plaintiff.") There is no evidence of any such default by Andes in this case, and dismissal under Rule 41(b) would be unsupportable.

■ However, the district court's order could also have been based upon Rule 41(a)(2), which, at least implicitly, grants a district court power to dismiss with prejudice. The rule states that an order of dismissal under the rule is without prejudice *"unless otherwise specified."* Here the district court did specify that dismissal was to be with prejudice, but supplied no rationale for its decision. Moreover, the order was entered without notice and without giving the plaintiff an opportunity to respond to defendants' opposition to the Rule 41(a)(2) motion, which, as noted above, requested the alternative remedy of dismissal with prejudice. Thus, the plaintiff, being refused his request to dismiss without prejudice, was denied the option of allowing the case to proceed to judgment on the merits.

■ It upsets notions of fundamental fairness for a court, in response to a party's request for dismissal without prejudice, to grant the request by dismissing *with* prejudice, while failing to give the moving party notice of its inclination to impose this extreme remedy. The plaintiff here deserved such notice and an opportunity to proceed with the litigation of this case.[5] At the very least, plaintiff deserved an opportunity to respond to defendants' request for dismissal with prejudice.

■ We recognize that in one sense, the case was ripe for final decision on the merits: defendants had filed a joint motion for summary judgment, and the motion had been fully briefed by both sides. Plaintiff must therefore have been aware when it filed its Rule 41(a)(2) motion that the district court might have been prepared to rule on the motion for summary judgment.[6] The district court's order could therefore be interpreted, as defendants urge, as a grant of summary judgment for defendants, which they requested in their opposition to the Rule 41(a)(2) motion. Again, we cannot be certain that this was the rationale lurking behind the district court's unexplained order of dismissal. Moreover, the parties on appeal have neither briefed nor argued the merits of the summary judgment issue, so that even if we were convinced that the district court intended to grant summary judgment, we are ill-equipped to review that decision at this time.

### III.

In summary, we conclude that the district court should have afforded plaintiff the opportunity to exercise options that should have been available to it, and further that the district court's failure to articulate the reasons for its decision deprives us of the opportunity adequately to review its ruling.

---

**5.** Andes' counsel stated at oral argument that, faced with a choice between dismissal with prejudice and proceeding with the litigation, he would have chosen the latter.

**6.** Defendants, in fact, contend that the only reason that plaintiff sought voluntary dismissal was to avoid imminent summary judgment against it.

We vacate the district court's order of dismissal with prejudice, and we remand for further proceedings consistent with what is said herein. The district court should afford plaintiff the opportunity to be heard in opposition to defendants' request for dismissal with prejudice, and if it concludes to grant such request or to grant summary judgment for defendants, it should articulate the reasons for its ruling.

AFFIRMED IN PART; VACATED IN PART AND REMANDED.