37 F.3d 1493
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Albert Wallace GRADES, Plaintiff-Appellant,
v.
Ron GREGORY, Former Commissioner; Nicholas Hunn,
Commissioner; William Duncil, Warden; Roy White,
Hospital Administrator; Ernest Hart,
M.D., Defendants-Appellees.
 No. 93-6688.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Nov. 18, 1993.
Decided: Oct. 21, 1994.
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. Robert Earl Maxwell, District Judge. (CA-93-29-E)
 Albert Wallace Grades, Appellant Pro Se. Rita A. Stuart, WEST VIRGINIA DIVISION OF CORRECTIONS, Charleston, WV; John Everett Busch, Peter Gregory Zurbuch, BUSCH & TALBOTT, Elkins, WV, for Appellees.
 N.D.W.Va.
 VACATED AND REMANDED.
 Before WIDENER, Circuit Judge, and PHILLIPS and SPROUSE, Senior Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Albert Wallace Grades appeals the district court's order denying his motion for voluntary dismissal of his 42 U.S.C. Sec. 1983 (1988) action without prejudice and dismissing his action with prejudice. We find this disposition constituted an abuse of the district court's discretion, and vacate the dismissal and remand for further proceedings.[1]
 
 
 2
 After being informed of his right to present pleadings or other materials in opposition to Defendants' dispositive motions, but before the expiration of the time extension in which he was permitted to so respond, Grades moved for the voluntary dismissal of his complaint without prejudice. No ruling was forthcoming. After transfer of the case to another division and trial judge and four months of inactivity in the case, counsel for Defendants Roy White and Ernest Hart wrote the new trial judge, reasserting Defendants' pending motions to dismiss and requesting dismissal of the entire action with prejudice. Without giving Grades notice or an opportunity to respond and without providing a rationale for its ruling, the court dismissed the action with prejudice.
 
 
 3
 A motion for voluntary dismissal under Fed.R.Civ.P. 41(a)(2)[2] "should not be denied absent substantial prejudice to the defendant." Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir.1986). In this case, Defendants made no allegation and the district court made no finding of substantial prejudice. Standing alone, the court's subsequent justification for its ruling, set forth in its denial of Grades' Rule 59(e) motion as Defendants' active engagement in the case and expenditure of resources in preparing the defense, does not constitute substantial prejudice for purposes of Rule 41(a)(2). Davis v. USX Corp., 819 F.2d 1270, 1274, 1276 (4th Cir.1987).
 
 
 4
 Moreover, in dismissing Grades' complaint with prejudice, the district court deprived Grades of the minimum requirements of fundamental fairness, including advance notice of its inclination toward such dismissal, the opportunity to respond to defense counsel's request for that result, and the option of allowing his case to proceed to judgment on the merits. Andes, 788 F.2d at 1037. The court's failure to articulate its rationale for the dismissal with prejudice also precludes adequate appellate review of that ruling. Id.
 
 
 5
 We find that the district court abused its discretion in denying Grades' motion to dismiss without prejudice and in dismissing Grades' complaint with prejudice. Accordingly, we grant leave to proceed in forma pauperis, vacate the dismissal of this action, and remand for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 
 [1]
 Grades also appeals the district court's denial of his Fed.R.Civ.P. 59(e) motion for reconsideration. The vacatur herein of the underlying dismissal renders consideration of that denial unnecessary
 
 
 [2]
 Rule 41(a)(2) is applicable in this case because Grades' motion for voluntary dismissal was filed after Defendants' dispositive motions, see Fed.R.Civ.P. 41(a)(1)(i), and because no stipulation of dismissal by all parties was filed, see Fed.R.Civ.P. 41(a)(1)(ii)