70 F.3d 114
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
George YUVANNIDIS, Administrator on behalf of the Estate of
Avis George Yuvannidis (deceased minor child) and
individually as father of Avis George Yuvannidis (deceased
minor child), Plaintiff--Appellant,
v.
CENTURY CORPORATION, t/a Century Products Company; Service
Merchandise Company, Incorporated; Ford Motor
Company, Defendants--Appellees.
 No. 94-2226.
 United States Court of Appeals, Fourth Circuit.
 Nov. 15, 1995.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Leonie M. Brinkema, District Judge. (CA-94-675-A)
 George Yuvannidis, Appellant Pro Se. Lynne Jones Blain, MORRIS & MORRIS, Richmond, Virginia; John Foster Anderson, MCGUIRE, WOODS, BATTLE & BOOTHE, Alexandria, Virginia, for Appellees.
 Before NIEMEYER and LUTTIG, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Appellant appeals from the district court's order granting summary judgment to Appellees in this product liability action. We have reviewed the record and the district court's opinion rendered from the bench, and find no reversible error. Appellant's destruction of one of the crucial pieces of evidence in this action, an automobile, deprived the Appellees of the opportunity to examine and test the evidence, and thus warranted dismissal of the action. See Schmid v. Milwaukee Elec. Tool Corp., 13 F.3d 76, 79 n. 2 (3d Cir.1994); Glover v. BIC Corp., 6 F.3d 1318, 1329-30 (9th Cir.1993). Further, Appellant did not sufficiently allege a claim of intentional infliction of emotional distress to withstand summary judgment. Myseros v. Sissler, 387 S.E.2d 463, 464 n. 2 (Va.1990). Appellant's delay in producing or inability to produce evidence barred his breach of warranty claims. Va.Code Ann. Sec. 8.2-607(3)(a) (Michie 1991). Finally, Appellant's delay in seeking voluntary dismissal, combined with the futility of refiling and the expenses already incurred by the Appellees in this action, supported the district court's decision to deny the motion. See Andes v. Versant Corp., 788 F.2d 1033, 1036-37 (4th Cir.1986). Accordingly, we affirm the district court's order.
 
 
 2
 We deny as moot Appellant's motion for expedited treatment and we dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 3
 AFFIRMED.