73 F.3d 357
NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Donald E. JONES, Plaintiff-Appellant,
v.
Charles E. HILL; Doctor Anderson, Defendants-Appellees,
and
TELLY'S EXTERMINATOR, Defendant.
 No. 95-6356.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 25, 1995.
Decided Dec. 7, 1995.
 
 Donald E. Jones, Appellant Pro Se. Michael F. Easley, OFFICE OF THE ATTORNEY GENERAL OF NORTH CAROLINA, Raleigh, North Carolina; M. Lynn Jarvis, Raleigh, North Carolina, for Appellees.
 Before MURNAGHAN, WILKINSON, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Appellant Donald Jones appeals from the district court's order dismissing with prejudice his action brought pursuant to 42 U.S.C. Sec. 1983 (1988). We vacate the district court's order and remand the case for further proceedings.
 
 
 2
 Jones, a North Carolina inmate who suffers from asthma, filed this action alleging that the Defendants were deliberately indifferent to his serious medical needs by allowing prison officials and a private pesticide company to spray his cell with pesticides which aggravated his asthma. Jones sought injunctive relief and monetary damages. The district court dismissed Jones's claims against the private company because it is not a state actor.
 
 
 3
 The Defendants filed an answer, denying that Jones suffered asthma attacks as a result of the pesticide spraying. Jones then notified the district court judge by letter of his intention to dismiss his action without prejudice. The Defendants moved to dismiss and for summary judgment. Jones received notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir.1975).
 
 
 4
 Ten days later, Jones filed a "Stipulation of Dismissal." The document is signed by Jones and an Associate Attorney General. The typewritten statement of dismissal reads: "[i]t is hereby stipulated than this action be dismissed with prejudice pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure, with both plaintiff and defendants to bear their own costs." However, the word "with" before the word "prejudice" is scratched out in blue ink and the word "without" appears above the scratch mark. Jones's initials appear below the scratch mark in the same blue ink, and his signature at the bottom of the stipulation also appears in the same blue ink. The Associate Attorney General did not initial the change from "with prejudice" to "with out prejudice." The Associate Attorney General's signature is in black ink and the document is dated in black ink as December 15, 1994. The certificate of service, however, bears Jones's signature and a date of December 16, 1994, both of which are in the same blue ink as on the first page of the stipulation.
 
 
 5
 The Stipulation of Dismissal was filed in the district court on December 22, 1994. On February 1, 1995, the district court issued a one-paragraph order dismissing the action with prejudice pursuant to Fed.R.Civ.P. 41(2). The district court offered no reason for its dismissal with prejudice, other than its observation that "Defendants have answered the complaint and have moved for summary judgment. In this posture, the court will not permit a dismissal without prejudice. Accordingly, pursuant to Fed.R.Civ.P. 41(2), plaintiff's action is dismissed with prejudice."
 
 
 6
 We hold that the district court abused its discretion in dismissing Jones's action with prejudice without first affording him notice of its intention to do so. We have held that a plaintiff's motion under Fed.R.Civ.P. 41(a)(2) for dismissal without prejudice should not be denied absent substantial prejudice to the defendant. Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir.1986). The mere filing of an answer or motion for summary judgment, without more, cannot be the basis for refusing to dismiss without prejudice. Id. at 1036 n. 4. Moreover, the plaintiff is entitled to notice of the district court's intention to dismiss with prejudice so that he may consider the options available to him. Id. at 1037. Finally, the district court must give reasons for its decision to dismiss with prejudice to allow meaningful review. Id.
 
 
 7
 In this case, the parties signed and filed with the court a stipulation of dismissal. As suggested above, however, the parties' intent is not entirely clear from that document. Jones's first communication with the court references his desire to dismiss the action without prejudice. The stipulation as typed, however, evidences an intent to dismiss the action with prejudice. The stipulation bears the Associate Attorney General's signature and handwritten date of December 15, 1994. The certificate of service, however, bears Jones's signature and handwritten date of December 16, 1994. Thus, it appears that Jones changed the language after the Associate Attorney General signed the stipulation and then filed it with the court. However, the Associate Attorney General never objected to Jones's change in the language (assuming that the Associate Attorney General received a true copy of the document after it was filed). Moreover, the district court refers to the document as a "signed stipulation of dismissal without prejudice."
 
 
 8
 Thus, if the parties agreed to dismissal without prejudice via the signed stipulation,* the district court abused its discretion in changing that dismissal to "with prejudice." Alternatively, we find that the district court abused its discretion by changing the dismissal to one with prejudice without first telling Jones of its intent to do so. Had Jones known that the dismissal would be with prejudice, he may have chosen to let the case proceed to judgment on the merits. Andes, 788 F.2d at 1037. Finally, the district court's failure to offer more than a cursory explanation for its decision to dismiss with prejudice precludes meaningful appellate review.
 
 
 9
 Accordingly, we vacate the district court's order dismissing this action with prejudice and remand the case for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 VACATED AND REMANDED
 
 
 *
 Jones's contention that the parties intended dismissal without prejudice is bolstered by the stipulation's reference to Fed.R.Civ.P. 41(a)(1), which provides that an action may be dismissed without prejudice merely by filing a stipulation signed by all parties to the action