UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

TEFAL, S.A.; T-FAL CORPORATION,
USA,
Plaintiffs-Appellants,

v.

REGAL WARE, INCORPORATED,
Defendant-Appellee.

No. 98-1039

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CA-97-387-A)

Argued: September 22, 1998

Decided: November 4, 1998

Before WILKINS and MICHAEL, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Michael Thomas Brady, ABLONDI, FOSTER, SOBIN &
DAVIDOW, P.C., Washington, D.C., for Appellants. Joseph Alan
Kromholz, WHEELER, KROMHOLZ & MANION, Milwaukee,
Wisconsin, for Appellee. **ON BRIEF:** James Taylor, Jr., ABLONDI,
FOSTER, SOBIN & DAVIDOW, P.C., Washington, D.C., for Appel-
lants. Robert C. Dunn, COHEN, DUNN, CURCIO, KEATING &
ROHRSTAFF, P.C., Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Tefal, S.A. and T-Fal Corporation, U.S.A. (collectively, "Tefal") appeal a decision of the district court dismissing without prejudice a counterclaim brought by Regal Ware, Inc. (Regal). Finding no error, we affirm.

I.

Tefal, a cookware manufacturer and marketer, brought this action claiming that Regal, another cookware manufacturer, had committed trademark infringement, had infringed Tefal's trade dress, and had engaged in unfair competitive activities. Regal answered and filed counterclaims for trademark infringement, harassment, and cancellation of Tefal's 960 mark.[1] Following discovery, Regal submitted an Offer of Judgment to Tefal proposing that Regal would consent to the entry of a judgment against it, pay Tefal $3,000 in damages and attorney's fees, and refrain from infringing the disputed trademarks "unless and until the trademarks at issue are legally adjudicated invalid or unenforceable." J.A. 380. The proposal further provided:

> This Offer of Judgment shall in no way be construed as preventing Defendant Regal from fairly challenging the intellectual property rights asserted by Plaintiff Tefal in the present lawsuit in the Courts of the United States of America and/or before appropriate administrative bodies, e.g., the Trademark Trial and Appeal Board of the United States Patent and Trademark Office.

J.A. 381. Tefal responded by letter, asserting that the offer was

_____

[1] The "960 mark" was so called because the trademark was granted in U.S. Trademark Registration No. 1,860,960.

2

ambiguous concerning the preclusive effect of the judgment and seeking to have Regal clarify.

In response, Regal wrote:

> There is no ambiguity in the Offer of Judgment. The offer is made with the clear proviso that the Consent Decree be in effect "unless and until the trademarks at issue are legally adjudicated invalid or unenforceable."
>
> ... We are making an offer of judgment which provides ... a prescribed level of equitable relief. Regal Ware is not precluded by this offer from challenging the validity of the trademarks asserted to be infringed subsequent to this judgment.
>
> [Tefal] must accept or reject the offer as framed. Any counter-offer or conditional acceptance will be a rejection.

J.A. 393. Tefal subsequently accepted Regal's offer in writing.

The same day, Tefal moved the district court for summary judgment on Regal's remaining counterclaims.[2] Thereafter, Tefal moved for the entry of a consent judgment, and Regal sought voluntary dismissal of its counterclaims. On November 17, 1997, the district court granted in part and denied in part Tefal's motion for entry of judgment, agreeing to enter a consent judgment, but refusing Tefal's request to take a position on whether the judgment as entered would have a preclusive effect on later litigation. The district court granted Regal's motion to voluntarily dismiss its counterclaims without prejudice; however, because the parties agreed that Regal's claim for cancellation of Tefal's trademark on the basis that it incorporated functional elements was the only claim sufficient to go forward, the district court limited future proceedings to this "functionality" claim. Finally, the district court denied Tefal's motion for summary judgment on Regal's counterclaims.

_____

[2] The parties stipulated to the dismissal of Regal's trademark infringement claim.

3

II.

Tefal maintains that the district court erred in granting Regal's motion for voluntary dismissal. The decision to grant a voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2)[3] is a matter within the discretion of the district court, and we will not reverse such a decision absent an abuse of that discretion. See Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987)."The purpose of Rule 41(a)(2) is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." Id. And, a Rule 41(a)(2) motion to dismiss "should not be denied absent substantial prejudice to the defendant." S.A. Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986).

Tefal argues that it was prejudiced by the dismissal of Regal's counterclaim challenging the validity of the 960 mark. It contends that the dismissal without prejudice leaves open the possibility that it will face additional litigation concerning this issue. And, such additional litigation is unwarranted because the res judicata effect of the consent order should foreclose any further litigation. Thus, it asserts, it is unnecessarily burdened by the possibility of future litigation when the district court should have put an end to this issue with finality by dismissing with prejudice.

The premise underlying Tefal's argument--that future litigation of the functionality claim is barred by res judicata--is erroneous. Although a consent judgment generally has the same preclusive effect as any other final judgment, the parties may by agreement alter the preclusive effect of the consent judgment. See Keith v. Aldridge, 900

_____

[3] Federal Rule of Civil Procedure 41(a)(2) provides:

> Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

4

F.2d 736, 740 (4th Cir. 1990). "Express agreement between the parties that litigation of one part of a claim will not preclude a second suit on another part of the same claim is normally honored by courts." Id. (internal quotation marks omitted). Thus, the preclusive effect of a consent judgment ultimately "is determined by the intent of the parties." Id. Accordingly, we look to whether the parties intended to foreclose later adjudication of Regal's functionality claim.

Tefal asserts that the Offer of Judgment was ambiguous with respect to its intended preclusive effect and that when Tefal attempted to obtain clarification, Regal refused to provide one. Specifically, Tefal claims that Regal stated only that the offer would not prevent further attack, not that the entry of judgment would not operate to bar future litigation. Thus, according to Tefal, the agreement should be read to mean that the Offer of Judgment itself would not foreclose further litigation in the event that a consent order based thereon was not entered, but that the Offer of Judgment did not address the effect of the entry of a consent order. Tefal also contends that this ambiguity should be construed against Regal, the drafter, and that we should conclude that the Offer of Judgment precludes future litigation of the functionality claim. We disagree.

Regal clearly intended to reserve decision on the validity of Tefal's trademark. The offer states that Regal will refrain from infringing the mark "unless and until" its invalidity is established, indicating that a future challenge was anticipated. J.A. 380. Further, the offer specifically stated, "This Offer of Judgment shall in no way be construed as preventing Defendant Regal from fairly challenging the intellectual property rights asserted by Plaintiff Tefal in the present lawsuit." J.A. 381. Far from ambiguous, the meaning of Offer of Judgment is abundantly clear. Regal's response to Tefal's request for clarification plainly stated that it intended to reserve the right to litigate the validity of the intellectual property rights Tefal was asserting "subsequent to this judgment." J.A. 393. Consequently, Regal's Offer of Judgment reserved the question of the validity of Tefal's trademark for future resolution. And, Tefal's acceptance of that offer demonstrates that the parties intended that the consent judgment would not preclude future litigation of that issue. Because we reject Tefal's argument that it was prejudiced, we cannot conclude that the district court abused its dis-

5

cretion in granting Regal's Rule 41(a)(2) motion for dismissal without prejudice.**4**

AFFIRMED

_____

**4** Because we conclude that the district court properly dismissed Regal's functionality claim, we do not reach Tefal's argument that it was entitled to summary judgment on that claim.

6