**Deborah Ann VIRGIL, Administratrix of the Estate of Craig O'Ryan Virgil, Plaintiff,**

**v.**

**Eric MONTGOMERY, Stephen Bissette, CSX Transportation, Inc., the Town of Elm City, and Amtrak, Defendants.**

**No. 5:03–CV–961–BO.**

United States District Court, E.D. North Carolina, Western Division.

Sept. 17, 2004.

W. Earl Taylor, Jr., Taylor Law Office, Wilson, NC, for Deborah Ann Virgil, Administratrix of the Estate of Craig O'Ryan Virgil, plaintiff.

William W. Stewart, Jr., Millberg, Gordon & Stewart, Derek M. Crump, Brown, Crump, Vanore & Tierney, Raleigh, NC, for Eric Montgomery, Stephen Bissette, CSX Transportation, Inc., the Town of Elm City, Amtrak, defendants.

## ORDER

TERRENCE WILLIAM BOYLE, Chief Judge.

These motions are before the Court pursuant to Plaintiff's Motion for a Voluntary Dismissal of Defendant Amtrak, or in the alternative, all Defendants and Plaintiff's Motion to Remand. A hearing was held on these motions on August 2, 2004 in Raleigh. In the underlying Complaint, Plaintiff asserts a negligence claim against Defendants. For the reasons stated below, Plaintiff's Motions are DENIED.

## BACKGROUND

In its original Complaint, filed on July 31, 2003, Plaintiff alleges that on March 22, 2003 eleven year old Craig O'Ryan Virgil was struck and killed by an Amtrak train in the Town of Elm City, North Carolina. At the time of the accident, the train was being operated by Amtrak employees and was traveling on rail lines owned by CSX Transportation, Inc. ("CSXT"). Amtrak was using CSXT's rail lines pursuant to their operating/indemnity agreement.

The Plaintiff, Deborah Ann Virgil, initiated this action on behalf of Craig Virgil's estate by filing a summons and complaint in Wilson County Superior Court on July 31, 2003, naming Eric Montgomery, Stephen Bissette, CSX Corporation and the Town of Elm City as Defendants. On November 26, 2003, Plaintiff filed a Motion to Amend her Complaint, seeking to dismiss any claims against CSX Corporation and to add CSX Transportation, Inc. and Amtrak as Defendants. The motion was granted by Wilson County Superior Court Judge Milton F. Fitch, Jr. on December 15, 2003.

On December 18, 2003, Plaintiff served the Defendants with a file-stamped copy of the order allowing her motion to amend the complaint. On December 23, 2003, Defendants filed a notice of removal to the United States District Court for the Eastern District of North Carolina, Western Division, pursuant to 28 U.S.C. § 1441. Defendants also filed a notice of removal with the Wilson County Superior Court the same day. The notice of removal was filed within 30 days of the filing of Plaintiff's motion to amend her complaint and the order granting Plaintiff's motion. Defendants base their removal to this Court on 28 U.S.C. §§ 1331 and 1349.

Plaintiff filed Motions for Voluntary Dismissal and Remand on January 21, 2004. These motions are ripe for ruling.

### ANALYSIS

#### 1. Removal and Subject Matter Jurisdiction.

Defendants all joined in removing this action pursuant to 28 U.S.C. §§ 1441 and 1446. The action was removed to this Court pursuant to 28 U.S.C. §§ 1331 and 1349. Section 1349 confers federal question jurisdiction over all actions involving certain federally chartered corporations. Because Defendants filed their notice of removal within the proper time limit under 28 U.S.C. § 1446(b), and because Amtrak falls within the ·group of federally chartered corporations covered under 28 U.S.C. § 1349, removal to this Court was proper.

#### 2. Voluntary dismissal of Amtrak as a Defendant and Remand to State Court.

Federal Rule of Civil Procedure 41(a)(2) requires a court order to dismiss Amtrak as a defendant. Fed.R.Civ.P. 41(a)(2). In reviewing this motion, the Court must focus primarily on protecting the interests of the defendant. *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir.1987). This Court will not issue an order dismissing Amtrak as a defendant because Plaintiff's claim is without merit.

The Court will not dismiss Amtrak from this action because it is a necessary party. Rule 19 of the Federal Rules of Civil Procedure provides that "A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the party shall be joined in the action if. . . (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (I) as a practical matter impair or impede the person's ability to protect that interest". Fed.R.Civ.P. 19(a).

■ Here, Amtrak is a necessary party because it will be paying all of the Defendants litigation costs associated with this action and will be responsible for any judgment rendered against any Defendant, save the

Town of Elm City. Amtrak is contractually bound to indemnify CSXT and hold it harmless for suits such as the current proceeding. Therefore, Amtrak would be responsible for paying any judgment rendered against CSXT. Amtrak has also agreed to pay all costs and expense relating to CSXT's defense in this suit. Additionally, Amtrak assumes all costs and expenses for defending its employees in this action and, would be liable for any judgment entered against them if they are found negligent under the doctrine of respondeat superior.

The Court also finds it relevant that Plaintiff specifically filed an Amended Complaint to join Amtrak as a Defendant to this lawsuit. Presumably, Plaintiff believed Amtrak was a proper party to this suit when she requested it be joined as a Defendant. The fact that this decision also created the opportunity for removal to this Court is a consequence, although perhaps unintended, the Plaintiff will have to bear. Therefore, the Court determines that Amtrak cannot adequately protect its interests without being a party to this action, and since the presence of Amtrak does not deprive the Court of jurisdiction over the subject matter of this action, the Court denies Plaintiff's motion to voluntarily dismiss Amtrak.

Plaintiff also filed a Motion to Remand this case to the Wilson County Superior Court pursuant to 28 U.S.C. § 1447(c). Since the Court refuses to dismiss Amtrak as a party, it is unwilling to consider remanding this case.

#### 3. Dismissal of the case as a whole.

Plaintiff further requests that this Court dismiss this case as a whole. Again, Federal Rule of Civil Procedure 41(a)(2) requires this court order to dismiss this civil action as a whole. Fed.R.Civ.P. 41(a)(2). This Court will not issue an order granting Plaintiff a voluntary dismissal of all Defendants because their claim is without merit.

■ In deciding a Rule 41(a) motion, the court should consider several factors, including the opposing party's effort and expense in preparing for trial, whether there is a sufficient explanation for the need of the

**612**

dismissal, and the present stage of litigation. *Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 358 (10th Cir.1996); *See Andes v. Versant Corp.*, 788 F.2d 1033 (4th Cir.1986). Furthermore, as stated above, the Court must focus primarily on protecting the interests of the defendant when considering a motion for voluntary dismissal. *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987).

█ Here, there has already been significant discovery in this case, including over 100 interrogatories and 40 requests for production of documents. Furthermore, the parties have also conducted a Rule 26(f) conference, submitted a proposed discovery plan and exchanged their initial disclosures. Therefore, significant time, effort and expense have already been spent getting this case to this point. Moreover, Plaintiff's Motion does not state sufficient reasons why this Court should dismiss this case or remand it to the Wilson County Superior Court. Rather, Plaintiff merely observes that many of the witnesses reside in Wilson County and that the primary investigation of this incident occurred in Wilson County. Without more, Plaintiff's proffered explanation for dismissing this complaint at this stage in the litigation is woefully inadequate.

The Court suspects that the true purpose of Plaintiff's motions are to strip this Court of jurisdiction over this matter. Plaintiff cannot try to choose a forum simply for the sake of achieving a presumed advantage in the administration of justice, either from the Court or the jury pool. Fairness to all in the litigation process warrants the suppression of undisciplined forum shopping.

### CONCLUSION

For the reasons stated above, Plaintiff's Motions to Voluntarily Dismiss Amtrak, to Voluntarily Dismiss this Case and to Remand are DENIED. The case may proceed in its entirety.

SO ORDERED.