**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-1958**

BRIDGE OIL, LTD.,

Plaintiff – Appellee,

and

TRITON MARINE FUELS LTD., S.A.,

Plaintiff,

and

CRESCENT TOWING AND SALVAGE COMPANY, INC.; COOPER/T. SMITH MOORING; CANTON PORT SERVICES LLC; ISS MARINE SERVICES, INC., d/b/a Inchcape Shipping Services; BUNKER HOLDINGS, LTD.,

Intervenors/Plaintiffs,

v.

GREEN PACIFIC A/S,

Defendant – Appellant,

and

M/V PACIFIC CHUKOTKA, apparel, freights, etc., IMO No. 8800224; EMERALD REEFER LINES, LTD.; EMERALD REEFER LINES, LLC; INTERTRANSPORT CO., LLC; INTERTRANSPORT, LTD.,

Defendants,

and

THE MASTER OF THE M/V PACIFIC CHUKOTKA,

Garnishee.

Appeal from the United States District Court for the District of Maryland, at Baltimore.  J. Frederick Motz, District Judge. (1:06-cv-03346-JFM)

Submitted:  October 16, 2008        Decided:  November 24, 2008

Before WILLIAMS, Chief Judge, SHEDD, Circuit Judge, and Martin K. REIDINGER, United States District Judge for the Western District of North Carolina, sitting by designation.

Affirmed by unpublished per curiam opinion.

David Warren Skeen, WRIGHT, CONSTABLE & SKEEN, L.L.P., Baltimore, Maryland, for Appellant.  Robert Brooke Hopkins, OBER, KALER, GRIMES & SHRIVER, P.C., Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This appeal arises from a multi-party consolidated action involving suits by various companies seeking recovery for the provision of marine oil fuel and other marine services. One of those companies, Bridge Oil, Ltd., asserted (inter alia) an unjust enrichment claim against Green Pacific A/S, alleging that it supplied fuel to Green Pacific's vessel, the M/V PACIFIC KAMCHATKA, which was then chartered to a third party. The fuel, for which Bridge Oil was never paid, allegedly enabled the PACIFIC KAMCHATKA to continue operating and earning money for Green Pacific. To secure its claim, Bridge Oil attached another Green Pacific vessel, the M/V PACIFIC CHUKOTKA, while it was docked in Baltimore, Maryland. Green Pacific moved for summary judgment on the unjust enrichment claim, and it also moved to enjoin Bridge Oil from proceeding with litigation that Bridge Oil had instituted in Nigeria against the PACIFIC KAMCHATKA. In response, Bridge Oil moved for voluntary dismissal pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. The district court granted the motion, and Green Pacific now appeals. Finding no error, we affirm.

Rule 41(a) governs voluntary dismissals of federal actions. Under Rule 41(a)(1), a plaintiff may voluntarily dismiss an action without a court order by filing (1) a notice of dismissal before the opposing party has filed an answer or summary

3

judgment motion or (2) a stipulation of dismissal signed by all parties that have appeared. Pertinent to this case, Rule 41(a)(2) provides that in any other circumstance, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." "The primary force of [Rule] 41(a)(2) is to empower district courts to exercise discretion over voluntary dismissals," GO Computer, Inc. v. Microsoft Corp., 508 F.3d 170, 177 (4th Cir. 2007), and we review a district court's decision to grant a Rule 41(a)(2) motion accordingly, see Ellett Bros., Inc. v. U.S. Fidelity & Guar. Co., 275 F.3d 384, 388 (4th Cir. 2001) (noting that abuse of discretion standard of review applies).

Although the decision is discretionary, the "purpose of Rule 41(a)(2) is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced," Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987); thus, a district court should grant a Rule 41(a)(2) motion "absent plain legal prejudice to the defendant," Ellett Bros., 275 F.3d at 388. A defendant cannot establish prejudice sufficient to defeat a Rule 41(a)(2) motion merely by showing that it has filed a summary judgment motion, Andes v. Versant Corp., 788 F.2d 1033, 1036 n.4 (4th Cir. 1986), or that it faces the prospect of a subsequent lawsuit, Ellett Bros., 275 F.3d at 388-89.

4

In reaching its decision, the district court concluded that Green Pacific would not be sufficiently prejudiced by Bridge Oil's voluntary dismissal of the unjust enrichment claim for two reasons. First, the court noted that although some discovery had taken place, it was minimal and would have occurred in the multi-party litigation even without the presence of Bridge Oil's unjust enrichment claim. Second, the court noted that Green Pacific's summary judgment motion against Bridge Oil was also directed against a similar claim by another party and, therefore, would have been filed in any event. As the court explained: "Green Pacific has not expended considerable additional effort in defending Bridge Oil's action, and as a result, the dismissal of Bridge Oil's suit would not substantially prejudice Green Pacific." Triton Marine Fuels Ltd., S.A. v. M/V PACIFIC CHUKOTKA, 2007 Westlaw 2579625, *2 (D. Md. 2007). For support, the court relied particularly on our opinion in Fidelity Bank PLC v. Northern Fox Shipping N.V., 242 Fed. Appx. 84 (4th Cir. 2007), in which we affirmed an order granting voluntary dismissal under similar circumstances.

Apart from its conclusion that Green Pacific would not be substantially prejudiced, the district court also found that Bridge Oil had adequately explained its basis for seeking voluntary dismissal of the unjust enrichment claim. As the court explained:

> I am satisfied with Bridge Oil's proffered justification - that dismissal of this action would leave resolution of the outstanding claims to a court in Nigeria where the PACIFIC KAMCHATKA has been arrested. Because Bridge Oil has commenced the Nigerian action against the PACIFIC KAMCHATKA, the ship that it actually supplied, it makes sense to dismiss its claim here.

Triton Marine Fuels, at *2.

On appeal, Green Pacific argues that the district court abused its discretion by permitting Bridge Oil to voluntarily dismiss its unjust enrichment claim. However, we disagree and hold that the court did not abuse its discretion in granting Bridge Oil's Rule 41(a)(2) motion. In our view, the court carefully considered the motion under the appropriate legal standards, and its conclusion that Green Pacific would not be sufficiently prejudiced as a result of the dismissal is supported by the facts of the case. See generally Westberry v. Gislaved Gummi AB, 178 F.3d 257, 261 (4th Cir. 1999) (stating that a district court abuses its discretion if its decision "is guided by erroneous legal principles" or "rests upon a clearly erroneous factual finding").

Accordingly, we affirm the voluntary dismissal order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED