**HOME AMERICAN CREDIT, INC., d/b/a Upland Mortgage, a Pennsylvania corporation, Plaintiff,**

v.

**INVESTORS TITLE INSURANCE COMPANY, a North Carolina corporation, Defendant.**

No. 4:00–CV–28–H3.

United States District Court, E.D. North Carolina.

Feb. 21, 2001.

Pressly M. Millen, Womble, Carlyle, Sandridge & Rice, Raleigh, NC, for Home American Credit, Inc. dba a Pennsylvania Corporation, plaintiff.

Walter Brock, Jr., Young, Moore & Henderson, Raleigh, NC, for Investors Title Insurance Company, a North Carolina Corporation, defendant.

## ORDER

MALCOLM J. HOWARD, District Judge.

This matter is before the court on plaintiff's, Home American Credit, Inc. d/b/a Upland Mortgage ("Home American"), motion for voluntary dismissal without prejudice under F.R.Civ.P. 41, and defendant's, Investors Title Insurance Company ("Investors"), motion for summary judgment. Both motions were filed on December 21, 2000. The parties have responded and replied respectively. Therefore, these matters are ripe for adjudication.

### STATEMENT OF THE CASE

On August 25, 1998, there was a closing on real estate located in Emerald Isle, North Carolina. The person purporting to be Lorraine Aud, the borrower/purchaser, received approximately $400,000 by way of a bank loan from Home American, which was secured by a mortgage on the property. The first payment was due in October 1998. Aud never made any payments and the property was never inhabited. Home American ultimately found out that the real Lorraine Aud was a resident of Iowa and had been deceased since 1996. The person who appeared at the real estate closing was an imposter.

According to the record, the underwriting of the loan was far from standard. The application did not list any assets. The social security number on the pay stubs submitted with the loan application was different from the social security number listed on the application itself. The borrower's social security number on both of the W–2's was not the number on the application. The telephone number on the application was incorrect. The loan exceeded the mortgage company guidelines.

Upon discovering the defect in title, Home American made a claim on its title insurance policy with Investors. As provided in the policy, Investors originally stated that it would undertake foreclosure.

The condition of the property shortly after default was found to be poor, apparently contrary to the pre-loan appraisals, and needed major repairs both inside and outside, making resale a difficult proposition. The "as is" value of the house if offered for resale at time of default would have been approximately $300,000. The pre-sale appraisal of the property listed its value at $550,000. The loan was for $400,000.

Investors ultimately refused to foreclose on the ground that Home American had not furnished the original note. When Investors determined that it would not proceed with foreclosure, Home American brought this action.

Investors continued to insist that Home American foreclose, and Home American finally did so in September of 2000. On December 14, 2000, the Carteret County Clerk of Superior Court allowed the foreclosure, ruling that title validly passed to a deceased named grantee. Home American is now proceeding with the sale process.

On December 21, 2000, plaintiff filed the motion to voluntarily dismiss without prejudice before the court and defendant filed its motion for summary judgment.

### COURT'S DISCUSSION

#### I. Motion For Voluntary Dismissal Without Prejudice

##### A. Standard of Review

█ It is fundamental that F.R.Civ.P. 41(a)(2) requires leave of court to take a voluntary dismissal without prejudice once

the defendant has answered or filed a motion for summary judgment. A dismissal without prejudice should be denied when a defendant will suffer prejudice, such as when it already has incurred the expense of discovery. *See e.g. Andes v. Versant Corp.*, 788 F.2d 1033 (4th Cir.1986).

◼ There are a number of factors that the court may consider in evaluating a motion for voluntary dismissal without prejudice. *See generally*, 8 Moore's Federal Practice 3rd § 41.40[7][b]. Those factors include, but are not limited to, the progress of the litigation; whether the dismissal is being sought in order to avoid an adverse determination on the merits; whether the dismissal is being sought as a means of correcting an initial failure to pursue the case in a timely fashion; and, whether the dismissal will result in the loss of beneficial rulings on behalf of defendant regarding discovery.

### B. Application

The plaintiff's contention since more than a year before this suit was filed has been that apparent fraud committed by the lender rendered its mortgage first lien deed of trust invalid so it could not foreclose and protect its security interest in the mortgage loan. However, defendant has never challenged plaintiff's right to foreclose or plaintiff's first mortgage lien priority. The only party that has ever raised the issue concerning the right to foreclose is the lender itself. It is the finding of the court, based on the evidence in the record, that the motivation for the lender to seek title insurance coverage, as opposed to using the traditional means of protecting its interest through foreclosure on the property, was the lender's realization that the property had been overvalued and was worth far less than the amount of the loan or the limits of its title insurance policy. This is why plaintiff waited approximately two years after default to finally initiate foreclosure.

◼ The plaintiff acknowledges that with the foreclosure allowed, despite plaintiff's challenges to its own right to foreclose, that "it is inappropriate for the action to continue," because the underlying premise of plaintiff's claim was rejected when the clerk permitted foreclosure to proceed. Therefore, permitting a voluntary dismissal without prejudice at this time would simply permit the plaintiff to avoid dismissal of this case on the merits. Had Home American foreclosed, as is the common practice, shortly after default, there is every reason to believe that the same ruling would have been made by the clerk and the parties and the court would have been spared the costs and expenses associated with this litigation.

Based on a thorough review of the record in this matter, the court finds that dismissal without prejudice is inappropriate in this matter. Plaintiff's motion for voluntary dismissal is therefore DENIED.

### II. Defendant's Motion For Summary Judgment

### A. Standard of Review

Summary judgment is appropriate pursuant to Fed.R.Civ.P. 56 when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party has met its burden, the non-moving party may not rest on the allegations or denials in its pleading, *see Anderson*, 477 U.S. at 248, 106 S.Ct. 2505, but "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (*quoting* Fed.R.Civ.P. 56(e)). Summary judgment is not a vehicle for the court to resolve disputed factual issues. *See Faircloth v. United States*, 837 F.Supp. 123, 125 (E.D.N.C.1993). Instead, a trial court reviewing a claim at the summary judgment stage should determine whether a genuine issue exists for trial. *See Anderson*, 477 U.S. at 249, 106 S.Ct. 2505. In making this determination, the court must view the inferences drawn from the underlying facts in the light most favorable to the

non-moving party. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962) (per curiam). Only disputes between the parties over facts that might affect the outcome of the case properly preclude the entry of summary judgment. *See Anderson*, 477 U.S. at 247–48, 106 S.Ct. 2505.

### B. Application

 The essence of the suit and claim for title insurance by Home American is that the transfer of a valid deed to real property to an impersonator does not suffice, that the subject deed was never delivered to the "real" Aud, that title has not vested in Ms. Aud, that Home American's lien on the real property is invalid and unenforceable, and that consequently Home American alleges the deed of trust lien on the property is invalid and unenforceable so that Home American cannot foreclose. However, on inspection of the record and a close review of the title insurance agreement between the parties, the court finds that there is no adverse claim against title by the prior owners of the property and no loss to the lender as a result of any title problem. Title insurance, which "operates to protect the purchaser or mortgagee against defects or encumbrances on title which are in existence at the time the insured takes his title," National *Mortgage Corp. v. American Title Insurance Co.*, 299 N.C. 369, 374, 261 S.E.2d 844, 847 (1980), is irrelevant to the issue at hand, and a suit by a lender against the title insurance company is inappropriate. Therefore, based on the findings of this court and the ruling by the Carteret County Clerk of Superior Court which held that foreclosure was appropriate, defendant's motion for summary judgment is GRANTED.

### CONCLUSION

Based on the foregoing analysis plaintiff's motion for voluntary dismissal without prejudice is DENIED. Defendant's motion for summary judgment is GRANTED. The clerk is directed to close this case.